BURKE, APPELLANT, *v.* BURKE, APPELLEE.

(No. 4104—Decided June 25, 1945.)

*Messrs. Cline & Bischoff,* for appellant.

*Messrs. Holloway, Peppers & Romanoff,* for appellee.

STUART, J. The pertinent facts shown by the record herein are as follows:

On April 27, 1933, the plaintiff filed her petition in the Court of Common Pleas of Lucas county, Ohio, in which petition she alleged, among other things, that one child, Gloria Lee, then six years of age, was born the issue of the marriage of plaintiff and defendant and prayed for an allowance of temporary alimony for her support and the support of the minor child of the parties, together with a reasonable sum to the attorneys for the plaintiff, and that plaintiff be awarded permanent alimony for her support and the support of their minor child.

On September 18, 1933, plaintiff was divorced from the defendant, who was "ordered to pay to the plaintiff for her support and for the support of the minor child of the parties hereto, the sum of ten dollars per week," until further order of the court. The custody, control and education of the child was awarded to

plaintiff, and an allowance of fees was made to plaintiff's attorneys.

On December 28, 1933, the following entry was made:

"On oral motion this day and on due consideration by the court, said cause is hereby certified to Juvenile Court."

From the transcript of the docket and journal entries it appears that all the foregoing proceedings were had and entered in the cause upon appearance docket I, Court of Common Pleas of Lucas county, Ohio, Division of Domestic Relations, No. 398, and that the last entry so entered was:

"1945, Feb. 5. Motion to withdraw and strike from the files filed by plaintiff."

All other and further proceedings were had and entered in the cause upon appearance docket 14, Juvenile Court, No. 23743, and therein it appears that a judge of the Court of Common Pleas of Lucas county, Ohio, on January 29, 1945, overruled the motion of the plaintiff to increase the amount of alimony and support required to be paid by the defendant, and ordered that the previous alimony and support order be terminated and the defendant "not be required to pay to the plaintiff as and for alimony or for the support of the minor child of the parties any further sums from and after January 15, 1945."

It is from this order and judgment that plaintiff appeals on questions of law, the notice of appeal being captioned: "In the Court of Common Pleas of Lucas county, Ohio, Domestic Relations Division" and "In the Juvenile Court of Lucas county, Ohio" and being numbered "C. P. No. 398" and "Juv. Ct. No. 23743."

The plaintiff contends that the case having been certified to the Juvenile Court, the Court of Common Pleas was thereafter without authority to make any

order therein affecting the maintenance and support of the plaintiff or of the minor child.

It is provided by Section 1639-7, General Code, as follows:

"Sec. 1639-7. The Juvenile Court, or Court of Common Pleas, Division of Domestic Relations of any county, separately and independently created, established and functioning as such by law, shall have and exercise the powers and jurisdiction conferred in this chapter. Except in counties in which there now is, or may hereafter be created, a separate and independent Juvenile Court or Court of Domestic Relations, there is hereby established and created within the Probate Court, a Juvenile Court, presided over by the probate judge, which shall be a court of record, and which shall exercise such powers and jurisdiction."

Jurisdiction in juvenile cases is thereby conferred on three established courts in this state, viz.:

1. The Juvenile Court;

2. Court of Common Pleas, Division of Domestic Relations;

3. A Juvenile Court within the Probate Court in all counties in the state wherein neither of the above named courts have been created.

No "separate and independent Juvenile Court" has ever been created in Lucas county, but in 1923 the Legislature passed an act (110 Ohio Laws, 157—Section 1532-6, General Code) providing for the election of an additional judge of the Court of Common Pleas in Lucas county and defining his duties and jurisdiction. It was provided therein (which provisions in substance and effect are incorporated in and now appear as a part of Section 1532, General Code) as follows:

"He shall exercise the same powers and have the same jurisdiction as is provided by law for judges of the Court of Common Pleas. He and his successors shall, however, be elected and designated as a judge of

the Court of Common Pleas, Division of Domestic Relations, and all the powers provided for in title four, chapter eight, of the General Code, relating to Juvenile Courts, shall be exercised in Lucas county by such judge of said Court of Common Pleas, and on and after the appointment of such judge, there shall be assigned to said judge and his successors, elected or appointed in pursuance of this act, all cases under the Juvenile Court Act, all bastardy cases and all divorce and alimony cases in said county. And whenever said judge of the Court of Common Pleas, Division of Domestic Relations, shall be sick, absent, or unable to perform his duties, the duties of said office shall be performed by another judge of the Court of Common Pleas of said county, assigned for said purpose, according to law."

In Lucas county, the tribunal authorized to administer and charged by law with the administration of the provisions of the General Code relating to juveniles is the Court of Common Pleas, Division of Domestic Relations, and not the "Juvenile Court."

Section 1639-13, General Code, requires such court to maintain records of all juvenile cases brought before it, including an appearance docket, a journal and a cash book, and provides that such records shall be open only by order of the court to persons having a legitimate interest. To effectuate the purpose of this section and to preserve the privacy of the records involving juveniles, the trial court, after granting the divorce, may well have transferred the case to the docket of juvenile cases, and this is the only legal effect that can be given to the order of that court made on December 28, 1933, above set forth.

All other orders and judgments made in the case recite that they were based upon evidence, and there being no bill of exceptions herein, we cannot determine the sufficiency thereof.

Disregarding the caption, "In the Juvenile Court," it appears from the record that all orders and judgments entered in this case were in fact made by the Court of Common Pleas, Division of Domestic Relations.

The judgment is affirmed.

*Judgment affirmed.*

CARPENTER and CONN, JJ., concur.