WITKOROWSKI, APPELLEE, *v.* WITKOROWSKI, APPELLANT.

(No. 4515—Decided March 12, 1951.)

*Mr. A. C. Czelusta,* for appellee.
*Mr. Stephen L. Markowski,* for appellant.

Fess, J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Lucas County, Division of Domestic Relations, dismissing plaintiff's petition for alimony, awarding her household goods and assets in her possession, the custody of three minor children and $25 per week for their support, payable by the defendant, and dismissing defendant's cross-petition for divorce.   Defendant also appeals from another order finding him guilty of contempt "of a former order of the court" in failing to pay plaintiff the aforesaid $25 per week.   The notice of appeal designates each of the foregoing orders entered on the same day, February 25, 1950, and also the final orders overruling motions for new trial filed as to each order.   The notice of appeal fails to designate another contempt order entered on August 15, 1950, as of July 27, 1950.

The petition for alimony was filed July 2, 1947.   It sought alimony for plaintiff and support for and custody of the minor children, upon the grounds of extreme cruelty and gross neglect of duty.

The answer and cross-petition was filed July 10, 1947.

Alimony. *pendente lite* in the amount of $25 per week was awarded on July 22, 1947.

On January 28, 1949, after trial, the court found the defendant guilty of gross neglect of duty and extreme cruelty, and that plaintiff was entitled to alimony on the ground of gross neglect. The journal entry awarded plaintiff the household goods, money and credits then in her hands and ordered defendant to pay medical expenses amounting to $710. Plaintiff was awarded custody of the children and defendant was ordered to pay her $30 per week for their support The entry recites further that "no further order is made against defendant so that he may expend all of his efforts toward the support of the minor children."

The cause was certified to the Juvenile Court for further proceedings as to the care, custody, and the support of the minor children.

On March 28, 1949, defendant's motion for a new trial was granted, the entry reciting that "said finding heretofore made is accordingly vacated and a new trial granted. Exceptions."

At the outset, defendant contends that the court, upon retrial, had no jurisdiction over the custody of the children, since that cause had been certified to the Juvenile Court. Although the entry granting a new trial is not explicit, it did vacate the finding upon which the former entry was based and necessarily vacated the judgment for the purpose of re-examining the issues after the final order, judgment, or decree by the court. Section 11575, General Code. Cf. *Markota* v. *East Ohio Gas Co.,* 154 Ohio St., 546, 97 N. E. (2d), 13. There is nothing in the record to support appellant's assertion in his brief that the Juvenile Court has since taken jurisdiction of the children and has modified the order from which the appeal is taken.

The finding of the court upon the second trial that the allegations of the plaintiff in her petition and the allegations of the defendant in his cross-petition are not true, and that the petition and cross-petition should be dismissed is not against the weight of the evidence and is not contrary to law. The court, in denying relief, might well have found aggression on the part of each party.

Having found against the plaintiff upon her petition, the court had no jurisdiction to award alimony.

Section 11998, General Code, provides:

"*Upon satisfactory proof of any of the charges set forth in the petition,* the court shall make such order for the disposition, care and maintenance of the children of such marriage, if any, as is just, and give judgment in favor of the wife for such alimony out of her husband's property as is equitable * * *." (Emphasis added.)

Under Section 11998, the court likewise could make no order with respect to the children.

However, under Sections 8032 and 8034, General Code, where a husband and wife are living separate and apart and the question of the care, custody, and control of their offspring is brought before a court of competent jurisdiction, the court may order either or both parents to support such children. Section 1639-16, General Code, confers exclusive original jurisdiction upon the Juvenile Court to determine the custody of any child not a ward of another court. Section 1532, General Code, provides that all the powers provided for in Title IV, Chapter 8, General Code, relating to Juvenile Courts shall be exercised in Lucas county by the judge of the Court of Common Pleas, Division of Domestic Relations. Since no separate and independent Juvenile Court has ever been created in Lucas county, the tribunal authorized to administer the provisions of the Juvenile Court Act is the Court

of Common Pleas, Division of Domestic Relations, and not the Juvenile Court. *Burke* v. *Burke,* 76 Ohio App., 431, 64 N. E. (2d), 683. Cf. *Harlor* v. *Harlor,* 79 Ohio App., 504, 65 N. E. (2d), 512. Therefore, the Court of Common Pleas, Division of Domestic Relations, was a court of competent jurisdiction to determine the question of the care, custody, and control of the minor children of the parties to this action.

With respect to the order of February 25, 1950, finding the defendant in contempt of the former order of the court, it is elementary that a court speaks only through its journal entry. The order requiring defendant to pay $25 per week for the support of the minor children commencing October 18, 1949, was not journalized until February 25, 1950. The defendant could not be legally adjudged in contempt of an order which had not been duly entered until the same day upon which he was adjudged in contempt.

The defendant assigns also as error the failure of the court to comply with his request for separate findings of fact and conclusions of law. This request was not made until the date upon which his motion for new trial was overruled, and no error was committed by the trial court in failing to comply with the request which should have been timely made after the decision was announced.

In conclusion, the judgment of February 25, 1950, finding and adjudging the defendant guilty of contempt is reversed, that portion of the judgment of February 25, 1950, awarding plaintiff possession of the household goods and assets in her possession is modified by deletion of the same from the entry, and the judgment of the court otherwise is affirmed.

*Judgment accordingly.*

CARPENTER and CONN, JJ., concur.