ZACIEWSKI, Appellant, v. ZACIEWSKI, Appellee.

Ohio Appeals, Sixth District, Lucas County.

No. 5290.   Decided May 23, 1960.

*Mr. Arthur R. Cline,* for appellant.
*Mr. Wayne R. Peppers,* for appellee.

FESS, J.   Appeal on questions of law from a judgment of the court of common pleas, division of domestic relations, juvenile branch, overruling a motion of plaintiff for an order modifying and correcting a former judgment for alimony and child support of said court.   The motion recites that the orders as to alimony, child support and neglect heretofore made in cause No. 43009 (the alimony case), in juvenile court cause No. 54019, and a further juvenile court cause entitled *State* v. *Donald Zaciewski,* No. 52896, are confusing, conflicting, indefinite, erroneous, excessive and unreasonable and should be corrected, clarified, modified and made definite for enumerated reasons further recited in said motion.

It is stipulated that on June 24, 1955, the plaintiff-husband sued defendant-wife for divorce in cause No. 43009 and that said defendant cross-petitioned for alimony only.

On June 27, 1957, in cause No. 43009, the divorce sought by the plaintiff was denied and the defendant was awarded custody of the minor children and alimony in the amount of $80.00 bi-weekly, until further order of court, for support of the defendant and children.   It was further ordered that the plaintiff reimburse the defendant for all extraordinary medical, dental, surgical and hospitals bills for such children.   Defendant was awarded the exclusive possession of the family home and the plaintiff ordered to keep up the payments on the mortgage

on said home, as alimony.   Jurisdiction was reserved to modify such order in any respects and the case certified to the Juvenile Court for further proceedings.

It was further stipulated that inasmuch as there is no separate and independent Juvenile Court in Lucas County (*Burke* v. *Burke*, 76 Ohio App., 431, 64 N. E. [2d], 683), the certification to the Juvenile Court means certification to the juvenile docket of the Court of Common Pleas, division of domestic relations.   Upon such certification, the cause was docketed as Juvenile Court cause No. 54019.

Thereafter, upon motion filed by the defendant wife in cause No. 43009 (rather than in and upon the Juvenile Court docket in cause No. 54019) on November 7, 1957, an entry was made reciting:

"Defendant (sic) found guilty of contempt.   Sentenced to ten days in county jail and fined $500.00."

On November 8, 1957, a further entry was made in said cause:

"On payment of the sum of $125.00 as payment of one-half of mortgage payment as ordered, balance of sentence and fine suspended."

On January 2, 1958, a further motion to show cause was denied.

All of the foregoing proceedings were had in cause No. 43009, the alimony case, rather than cause No. 54019 upon the Juvenile Court docket, to which docket, as indicated above, the matter of support of the minor children was referred.   Whether or not such entries were journalized is not disclosed.

Thereafter, upon warrant of the defendant-wife against the plaintiff for contributing to the neglect of said children, in cause No. 52896 on the criminal docket of said court (commonly referred to as "juvenile docket"), on September 8, 1958, the following entry appears:

"On motion of complainant, concurred in by prosecuting attorney, the affidavit is dismissed, on condition that defendant pay $45.00 per week."

On March 9, 1959, defendant-wife filed a further motion to show cause against her husband, which was entered on the "certified" docket of the so-called Juvenile Court under cause

No. 54019. It is further stipulated that said "docket was prepared in pursuance of the certification of the matters pertaining to the children to the Juvenile Court docket" under the original alimony judgment.

Confronted with the foregoing orders, plaintiff-husband sought to file his motion as aforesaid in cause No. 43009 (the alimony cause), but the same was actually filed in cause No. 54019 (juvenile docket).

It is apparent from the foregoing recital that the obligations imposed upon the plaintiff-appellant are indefinite and uncertain. In the first place, the alimony judgment is defective in failing to separately state the amount imposed upon the plaintiff for child support and the amount awarded the wife for alimony. Inasmuch as the court in the alimony judgment specifically reserved continuing jurisdiction to modify such judgment in any respect, on application of a party to the judgment the duty is imposed upon the court to clarify the provisions of such judgment. *Ellis* v. *Ellis*, 94 Ohio App., 339, 115 N. E. (2d), 180. Indeed, with respect to the custody, care and support of minor children, continuing jurisdiction is retained regardless of any express reservation in the original judgment. *Van Divort* v. *Van Divort*, 165 Ohio St., 141, 134 N. E. (2d), 715.

In the second place, as a result of the subsequent orders entered upon docket Nos. 54019 and 52894, there has arisen such a change of circumstances as to authorize either of the parties to make application, either in the alimony case No. 43009 or the Juvenile Court cause No. 54019, for a modification or clarification of the orders entered therein. Since the Court of Common Pleas, Division of Domestic Relations, and the Juvenile branch of said court are one and the same court and the proceedings upon the several dockets relate to the same parties, no confusion should be permitted to arise as a result of maintenance of three separate dockets in said court. In our opinion, whether the motion of the plaintiff-appellant be regarded as a motion for modification on the ground of changed circumstances in either the alimony or Juvenile Court case, or as a motion for clarification of the respective judgments entered in each of such cases, such plaintiff is entitled to a hearing and determination and answers to such of the questions as may be germane and properly propounded in said motion. The over-

ruling of such motion is therefore an order affecting a substantial right in a special proceeding from which an appeal may be taken.

The judgment of the Court of Common Pleas, Division of Domestic Relations, and the Juvenile branch thereof, is reversed and the cause is remanded for further proceedings upon said motion in cause No. 43009 and cause No. 54019 according to law.

SMITH and DEEDS, JJ., concur.