YONALLY, APPELLEE, v. YONALLY, APPELLANT.

[Cite as Yonally v. Yonally (1974), 45 Ohio App. 2d 122.]

(No. 7349—Decided April 10, 1974.)

*Messrs. Vogel & Wilson,* for appellee.
*Messrs. Cherpas, Manos & Syracopoulos,* for appellant.

VICTOR, J. The plaintiff, the appellee herein, Johanna H. Yonally, on May 23, 1972, filed a suit for divorce against the defendant Robert A. Yonally, the appellant. On June 30, 1972, the plaintiff was granted temporary alimony of $65 per week, and, on February 23, 1973, the order was modified to $60 per week. On August 17, 1973, plaintiff was granted a divorce, and $60 per week as and for

permanent alimony. There was a division of property. This order, upon appeal, was affirmed.

On September 5, 1973, the defendant was charged with contempt in that he had failed to comply with the temporary alimony order. He was personally served with summons, and ordered to appear in court on September 24, 1973, to show cause why he should not be held in contempt.

The defendant states, in his brief, that he appeared in court, with counsel, on that date, but that neither the plaintiff, nor her counsel, appeared. In any event, no hearing was had on that date.

On October 1, 1973, the plaintiff, invoking the continuing jurisdiction of the court, filed the following motion:

"Now comes the plaintiff and moves the court to order the defendant to account for certain personal property removed from the premises at 760 Hardy Road, Cuyahoga Falls, Ohio, in violation of the court's previous orders and to return and restore said property to the plaintiff."

The defendant was not served with a copy of this motion, as required by Civil Rule 75(J). However, defendant's counsel received, by ordinary mail, the following notice:

"The defendant will take notice that the foregoing Motion will be heard on October 3, 1973 at 8:45 A. M. * * * Summit County Court House * * *."

Defendant's counsel also received, in the same mail on the same date, the following notice:

"Defendant will take notice that the Charge of Contempt and Order to Appear and Answer Charge of Contempt herein filed [September 5, 1973] and personally served upon the defendant, will now be heard at 8:45 A. M. October 3, 1973 * * * [at the Summit County Court House]."

On October 3, 1973, defendant's counsel appeared in court, without the defendant, and objected to the hearing. Nevertheless, the hearing was held, and, on October 31, 1973, the Referee made a finding. This finding was journalized, and the order was filed November 21, 1973. It reads:

"This matter came on to be heard on October 3, 1973, upon plaintiff's motion to require the defendant to account for certain personal property, towit: Two (2) cattle, which he removed from plaintiff's premises, upon a Charge of Contempt and Motion to reduce alimony arrearages to judgment. Upon the evidence and the statements of counsel, the court made the following orders:

"1. The defendant is in contempt of court for his refusal to pay alimony as previously ordered by the court and is sentenced to three (3) days in the Summit County jail, which, if served, no bond will be required.

"2. Said sentence is suspended provided that the defendant on or before November 7, 1973 at 12:00 noon signs the Internal Revenue refund check and surrenders it to the plaintiff.

"3. Judgment is rendered against the defendant in the sum of Two Thousand Five Hundred Forty Dollars ($2,540.00) which is broken down as follows: One Thousand Four Hundred Dollars ($1,400.00) representing the value of the two cattle removed from plaintiff's premises and One Thousand One Hundred Forty Dollars ($1,140.00) which represents nineteen (19) weeks of permanent alimony at the rate of Sixty Dollars ($60.00) per week.

"4. The defendant is to receive credit against the foregoing judgment for one-half of the income tax refund check.

"5. All other orders are to remain in effect until further order of the court."

It is from this order that the defendant, Robert A. Yonally, appeals. His assignments of error are in the nature of questions; they are:

"1. Is a plaintiff, who has been granted alimony in a divorce action, entitled to temporary alimony pending disposition of the defendant's appeal?

"2. Is a defendant-husband in contempt of court when there is not an order for him to pay alimony pendente lite during an appeal?

"3. Can the court, in a subsequent hearing, after a final decree of divorce and orders thereto, enforce any or-

ders made on temporary hearing, prior to the divorce decree, or does the final decree of divorce, in order of the court, merge any and all previous orders, of allowances, and terminate any and all previous orders of the court.

"4. Can a person be charged with contempt of court when he does not have notice of said hearing, and is not present in court to defend himself against the statements of his accuser?"

*Assignment of error No. 1:*

Temporary alimony may be allowed during appeal, but only if ordered pursuant to Civil Rule 75(H).

*Assignment of error No. 2:*

Obviously, a defendant cannot be held in contempt of an order which does not exist. If a valid order does exist, and the defendant does not comply with it, he, of course, may be found in contempt.

*Assignments of error Nos. 3 and 4:*

We believe it is the rule that all orders for temporary alimony are merged in the final decree of divorce, and are thereby terminated, unless extended during the pendency of the appeal. In this case, no such extension was ordered. However, we also believe that it is the general rule in the United States that such a merger does not extinguish the right of a wife to collect accrued arrearages, under a prior order for temporary alimony, up to the time of such final decree. See: Annotation, 154 A. L. R. 530. Ohio follows the general rule. *Bingmer* v. *Bingmer* (1943), 72 Ohio App. 522 (motion to certify overruled October 13, 1943); and *Kennedy* v. *Kennedy* (1963), 93 Ohio Law Abs. 274. Applying this rule to the instant case, the trial court had the power to determine what amount of money had accrued, under the temporary order, prior to the date of the final decree of divorce, and to find the defendant in contempt for his failure to comply therewith.

However, the trial court was without power to conduct a hearing on the motion filed October 1, 1973, concerning the removal of certain personal property from the Hardy Road address. Civil Rule 75(J) provides that a motion involving "the continuing jurisdiction of the court

\* \* \* shall be served in the manner provided for the service of process under [Civil] Rule 4 through 4.6." No such service was obtained. Counsel for the defendant appeared in court solely for the purpose of objecting to a hearing on the motion (we accept the statement of defendant's counsel in this regard, pursuant to Appellate Rule 18(C), since plaintiff filed no brief herein) ; consequently, defendant could not be deemed to have entered a general appearance and thereby to have waived service.

Accordingly, the order of the trial court, insofar as it rendered judgment against the defendant "for the value of two cattle removed from plaintiff's premises," and for "19 weeks of permanent alimony" is vacated. This cause is remanded to the trial court for a determination as to whether, pursuant to the motion of September 5, 1973, arrearages exist as to temporary alimony up to the date of the decree of divorce, and then to enter judgment accordingly.

In the meantime, if service is obtained on the motion of October 1, 1973, that too may be heard and determined.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings, in accordance with this opinion.

*Judgment reversed and cause remanded.*

BRENNEMAN, P. J., and MAHONEY, J., concur.