EVANS, Appellant,

v.

EVANS, Appellee.*

[Cite as *Evans v. Evans* (1995), 106 Ohio App.3d 673.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94–12–212.

Decided Oct. 2, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1996), 75 Ohio St.3d 1448, 663 N.E.2d 330.

674

*Mary Lou Kusel,* for appellant.

*Michael P. Masana,* for appellee.

POWELL, Judge.

This is an appeal from a shared parenting decree and a judgment entry and decree of divorce filed in the Butler County Court of Common Pleas, Division of Domestic Relations, on November 3, 1994.

Plaintiff-appellant, Deborah Evans, and defendant-appellee, Raymond Evans, were married on April 30, 1988. They have two children from their marriage: Samantha, born December 16, 1989, and Matthew, born March 20, 1991.

On September 22, 1993, appellant filed for divorce and filed an *ex parte* order granting her residential parent status and child support. On September 29, 1993, appellee filed an answer and counterclaim asking that he be named temporary residential parent.

At a hearing on parenting issues on May 4, 1994, the parties informed the court that they had entered into a shared parenting agreement. The agreement was read into the record and included the following provisions: appellee and appellant would take the children on alternate weeks from Wednesday to Wednesday; appellant would provide medical insurance through her place of employment; and uninsured medical expenses would be shared equally. In addition, the parties would equally divide the cost of day care, holidays would be divided in accordance with Schedule B, and each party would claim one federal and one state income tax exemption. There were no provisions for the payment of child support.

The court asked both parties whether they understood the agreement, whether they agreed to the terms, and whether anything had been left out. Both parties indicated that the agreement was satisfactory.

On May 6, 1994, appellant filed a motion to set aside the shared parenting agreement. On July 27, appellee moved to find appellant in contempt for failing to abide by the agreement on the grounds that appellant would not allow him to visit with the children. A hearing on both motions and the final divorce was held on August 9, 1994.

On August 24, the trial court denied appellant's motion to set aside the shared parenting decree, finding that "at the time it was made" the decree was "fair and reasonable and in the best interest of the children." The court also found that there had been no change of circumstances that would justify a modification. Appellant was found in contempt for failing to abide by the terms of the shared parenting agreement. A thirty-day jail term was imposed on appellant, but was suspended on the condition that she conform immediately to the terms of the agreement.

On November 3, 1994, the judgment entry and decree of divorce as well as the shared parenting decree were entered.

■ Appellant presents four assignments of error for review. In her first assignment of error, appellant states that the trial court erred in adopting the shared parenting plan. Appellant argues that the trial court failed to determine that the plan was in the best interest of the children. Appellant's first assignment of error is not well taken.

In determining an award of custody where a shared parenting plan has been filed jointly by the parties, the trial court must review the plan and determine whether it is in the best interest of the children. R.C. 3109.04(D)(1)(a)(i). In doing so, the court must consider all relevant factors. R.C. 3109.04(F)(1), (2). Appellant argues that the limited inquiry directed to the parties by the trial court indicates that the court did not fulfill its obligation. She asserts that the court failed to consider issues of domestic violence, and appellee's substance abuse and other inappropriate activities. We disagree.

When there is no evidence to the contrary, an appellate court will presume that the trial court considered all the relevant factors. *In re Burdine* (May 2, 1994), Brown App. No. CA93–08–009, unreported, 1994 WL 160303. A review of the record reveals no evidence that the court failed to consider all the factors. To the contrary, the record indicates that in addition to the parties' own joint plan and its observations of the parties, the court had before it detailed psychological evaluations of both parties and the children. These profiles discussed the very factors appellant claims the court ignored.

A trial court's decision in custody matters will be reversed only upon a showing of an abuse of discretion. *Trickey v. Trickey* (1952), 158 Ohio St. 9, 13–14, 47 O.O. 481, 483, 106 N.E.2d 772, 774–775. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. When an award of custody is supported by some competent, credible evidence, that award will not be reversed by a reviewing court as being against the weight of the evidence. *Bechtol v. Bechtol* (1990), 49 Ohio St.3d 21, 23, 550 N.E.2d 178, 180–181. In the present case, the trial court determined that the shared parenting agreement was "fair and reasonable and in the best interest of the children." Our review of the record indicates that there was competent, credible evidence to support the trial court's decision. Appellant's first assignment of error is overruled.

In her second assignment of error, appellant states that the trial court erred when it denied her motion to set aside the shared parenting agreement. Appellant argues that the trial court mistakenly treated her motion to set aside the plan as a motion to modify and then improperly excluded evidence relevant to a motion to modify. Appellant's second assignment of error is not well taken.

Review of the transcript of the August 9 hearing indicates that appellant did not raise this objection before the trial court. As appellant acknowledges, errors which are not brought to the attention of the trial court by objection are waived and may not be raised on appeal. *First Natl. Bank of Cincinnati v. Cianelli* (1991), 73 Ohio App.3d 781, 790, 598 N.E.2d 789, 795, citing

*Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 124, 322 N.E.2d 629, 630. Appellant asserts, however, that this court should apply the plain-error doctrine. The plain-error doctrine may be used to correct a judicial proceeding when an error is apparent on the face of the record and is prejudicial to the appellant. *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 223, 18 OBR 281, 283–284, 480 N.E.2d 802, 805–806. Although it is applied almost exclusively to criminal cases, the doctrine may be applied to a civil case to prevent a manifest miscarriage of justice. *Id.* It should be used only "with utmost caution, under exceptional circumstances." *Id.* In the present case, we feel no need to invoke the plain-error doctrine.

Our review of the record provides no indication that there has been a manifest miscarriage of justice or even that appellant has been prejudiced by the trial court's decision to adopt the shared parenting agreement. Appellant's second assignment of error is, therefore, overruled.

 In her third assignment of error, appellant states that the trial court erred by treating appellant's motion to set aside the shared parenting agreement as a motion to modify. Appellant argues that a motion to set aside a shared parenting plan requires the court to determine if the plan is in the best interest of the children by reviewing the plan as though it were making an initial determination of suitability under R.C. 3109.04(D)(1)(a)(i). Appellant contends that the court did not make this determination and instead required appellant to show that there had been a change in circumstances since the plan was adopted. There is no merit to appellant's third assignment of error.

The record on this point could not be more clear. The trial court determined based on the evidence—including the parties' testimony, the psychological evaluations, its observations of the parties, and the agreement itself—and in accordance with R.C. 3109.04(D)(1)(a)(i) that the agreement was "at the time it was made * * * fair and reasonable and in the best interest of the children," and that "the minor children are adequately cared for when they are in the physical custody of their father." The fact that the trial court *also* found there had been no change in circumstances that would support a motion to modify certainly does not invalidate the trial court's finding that the plan served the children's best interest. Accordingly, appellant's third assignment of error is overruled.

 In her fourth assignment of error, appellant states that the trial court erred when it found her in contempt for failing to abide by the shared parenting agreement. Appellant argues that the trial court could not hold her in contempt because the court had not yet entered an order. We find this assignment of error to be well taken.

To show contempt, it is necessary to establish that there is a valid court order, knowledge of the order, and a violation of it. *Arthur Young & Co. v. Kelly* (1990), 68 Ohio App.3d 287, 588 N.E.2d 233. Appellant was adjudged in contempt of the shared parenting agreement on August 24, 1994. The shared parenting decree was not entered until November 3, 1994. Appellant cannot be found in contempt of an order that does not exist. *Yonally v. Yonally* (1974), 45 Ohio App.2d 122, 125, 74 O.O.2d 134, 136, 341 N.E.2d 602, 605; *Witkorowski v. Witkorowski* (1951), 89 Ohio App. 424, 428, 46 O.O. 259, 260, 102 N.E.2d 896, 898–899. We sustain appellant's fourth assignment of error.

*Judgment affirmed in part*
*and reversed in part.*

WALSH, P.J., and WILLIAM W. YOUNG, J., concur.