OPINION
Defendant-appellant, Robert R. Rockenfield, appeals from a decision of the Butler County Court of Common Pleas finding him in contempt for failing to comply with a court order.
Rockenfield owns the majority of office units in the Eagle's View Professional Condominium and controls the board of trustees ("board") of the condominium association. On May 3, 1994, minority owners filed a complaint against Rockenfield and the condominium association for an "accounting, appointment of a receiver, declaratory judgment and money judgment." The complaint included an allegation that Rockenfield had failed to fully pay his monthly condominium fees ("fees") of $125 per unit.
After a bench trial, the trial court issued findings of fact and conclusions of law on February 22, 1995. The trial court found that Rockenfield made deductions from his fees for expenses relating to water and sewer services for his units which were not utilizing these services. The trial court further found that these deductions were improper since they had not been approved by the board. Accordingly, the trial court ordered Rockenfield to pay $25,156 to the condominium association for the underpayment of his fees. In addition, the trial court appointed Towne Properties Asset Management Company ("Towne") as the receiver for the condominium association.
After Rockenfield paid $25,156 to the condominium association, an entry of satisfaction was filed with the trial court on September 20, 1995. On November 2, 1995, the board met and passed two resolutions. The first resolution stated that Rockenfield's deductions for water and sewer expenses were proper based upon the advice of counsel and previous approval granted by the board on September 13, 1994. The second resolution stated that since the deductions were proper, Rockenfield had overpaid his fees in the amount of $25,156. Accordingly, the board granted Rockenfield a credit of $25,156 for the overpayment.
After the board passed the resolutions, Towne filed a motion requesting the trial court to issue an order directing Rockenfield and the board to cease their attempts to act in contravention of the trial court's prior judgment. On October 7, 1996, the trial court issued an entry finding that since the deductions approved on September 13, 1994 only applied subsequent to that date, the first resolution was "not in contravention" of the trial court's prior judgment. However, the trial court found that the board lacked the authority to issue the second resolution granting a credit of $25,156 to Rockenfield because it disregarded the trial court's prior judgment which found that Rockenfield had underpaid his fees. In Boerger v. Rockenfield (May 5, 1997), Butler App. No. CA96-11-226, unreported, this court affirmed the judgment of the trial court denying Rockenfield the credit for $25,156.
In the fall 1997, the minority owners and Towne filed a motion for contempt alleging that Rockenfield had failed to comply with the decision issued by this court. On November 18, 1997, the trial court issued a decision finding Rockenfield in contempt. The trial court found that Rockenfield was in contempt for continuing to take the credit for $25,156. In addition, the trial court found that Rockenfield was in contempt for continuing to deduct water and sewer expenses from his fees. Therefore, the trial court ordered Rockenfield to pay $25,156 to the association for the improper credit and $17,786.38 for an arrearage that accumulated due to his continued deductions.
On appeal, Rockenfield raises a single assignment of error:
 THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT, ROBERT R. ROCKENFIELD, IN CONTEMPT FOR FAILING TO PAY AN ARREARAGE FOR WATER AND SEWER CHARGES ACCRUING SUBSEQUENT TO THE BOARD OF TRUSTEES' RESOLUTION DATED SEPTEMBER 13, 1994, AUTHORIZING A PROSPECTIVE DEDUCTION OF SUCH WATER AND SEWER CHARGES TO ROBERT R. ROCKENFIELD.
In his sole assignment of error, Rockenfield asserts that the trial court erred by finding him in contempt for continuing to deduct water and sewer expenses from his fees. A court may find a party in contempt where there is a valid court order, the party has knowledge of the order, and the party fails to comply with the order. R.C. 2705.02(A); Evans v. Evans (1995), 106 Ohio App.3d 673,679. On appeal, a finding of contempt will not be reversed unless the trial court abused its discretion. Marden v. Marden (1996), 108 Ohio App.3d 568; Dozer v. Dozer (1993),88 Ohio App.3d 296, 302.
Rockenfield acknowledges that he violated a court order and was in contempt for continuing to take the credit for $25,156. However, Rockenfield asserts that he did not violate a court order by continuing to deduct water and sewer expenses from his fees. Rockenfield argues that our decision in his prior appeal only ruled that the board lacked authority to issue the November 2, 1995 resolution that granted him the credit for $25,156. Rockenfield argues that since our decision did not address whether prospective deductions were permissible, the trial court's decision on October 7, 1996 provides the controlling law on this issue. Rockenfield argues this decision permits prospective deductions, because the trial court found that the water and sewer assessment plan "adopted on September 13, 1994" only applied subsequent to that date and was "not in contravention of the Court's judgment on March 24, 1995."[1]
In his initial appeal to this court, Rockenfield raised the following assignment of error:
 THE TRIAL COURT ERRED IN HOLDING THAT THE CONDOMINIUM ASSOCIATION'S BOARD OF TRUSTEES WAS WITHOUT AUTHORITY TO ISSUE THE RESOLUTIONS DATED NOVEMBER 2, 1995, AND THAT SUCH RESOLUTIONS CONTRAVENED THE COURT'S MARCH 24, 1995 ENTRY. (Emphasis added.)
Boerger at 4. In our decision, we cited both of the resolutions that were approved by the board on November 2, 1995 as follows:
In this case, the Eagle's View condominium board's November 2, 1995 resolution states in part as follows:
 Resolved, that the water and sewer fees are not at this point common to all units and the method that the Condominium Association has been using to calculate the water and sewer fees is reasonable in that it charged the expense for water and sewer against the units that were using water and sewer, and
* * *
 Resolved; that Robert R. Rockenfield would not pay the water and sewer charges for those units that do not use water and sewer, so he will deduct from his Condominium Association dues an amount equal to the average amount charged to all units that use water and sewer for the units owned by Rockenfield that do not use water and sewer.
An additional resolution, also dated November 2, 1995 stated in part that:
 Whereas, the practice of Robert R. Rockenfield paying a lesser amount of condominium Association dues because of not using water and sewer in some of his units is proper now [,] then it should also be proper from the start of his ownership August 1992, and
* * *
 Resolved that Robert R. Rockenfield shall have an immediate credit for the $25,156 overpayment from the Eagle's View Condominium Association.
Boerger at 8-9.
Based upon the foregoing, we found that the first resolution "attempted to change water and sewer facilities from a common element as described in the condominium declaration to a limited common element." Id. at 9. We further found that the board of trustees lacked the authority to issue such a resolution and that such a change could only be made by amending the condominium declaration with the unanimous approval of all unit owners. [Citation omitted.] Id. We concluded that "the resolution and the accompanying credit issued to Rockenfield are therefore null and void." Id.
Our prior decision, as outlined above, clearly did more than merely rule that the board lacked the authority to issue Rockenfield the credit for $25,156. The question of whether the board lacked authority to issue the credit was dependent upon whether the board had the authority to issue the first resolution approving the deductions for water and sewer expenses. Therefore, although the trial court found that the first resolution was "not in contravention" of its prior judgment, we held that the first resolution was null and void because the board lacked the authority to issue such a resolution. See Boerger at 9. Further, we held that the any deductions, prospective or otherwise, were not permissible unless the condominium declarations were amended with the unanimous approval of all unit owners. Id.
The following statement made by Rockenfield at a board meeting on September 23, 1997 indicates that he did not have any difficulties comprehending our prior decision but simply chose to ignore it:
 The matter is indicated on our agenda that the decision of the court of CV94050750 and the related matters. * * * Robert Rockenfield made a statement that he has had the decision of the court reviewed by his personal counsel * * * and also the condominium attorney * * * who wrote the documents and has been our advisor and advises the board. Both of these attorneys feel that this is an erroneous decision which was not given to the point of the appeal, and this is both of their opinions, that I am under no obligation to follow that particular appeal. * * * I, Robert Rockenfield, want to make a resolution to the Board that the dues calculations will be continued as before and that the Board itself take no further action since this is the advice by the attorney that is advising the Board. Resolution passed by unanimous vote of the Board.
The foregoing clearly shows that Rockenfield had knowledge of the order of this court and decided not to comply with it. Instead of refusing to act in accordance with our decision, Rockenfield should have filed an appeal with the Supreme Court of Ohio if he felt that our decision was erroneous. Regardless, Rockenfield violated an order of this court by continuing to deduct water and sewer expenses from his fees without amending the condominium declarations with the unanimous approval of all unit owners. Accordingly, the trial court did not abuse its discretion by finding Rockenfield in contempt for failing to comply with a court order, and his sole assignment of error is overruled.
Judgment affirmed.
WALSH, J., concurs.
KOEHLER, J., dissents.
[1] In support of his assignment of error, Rockenfield relies upon a "board of trustees' resolution dated September 13, 1994, authorizing a prospective deduction of such water and sewer charges to Robert R. Rockenfield." Our review of the record does not reveal such a resolution. Rather, the record only contains minutes of a board of trustees' meeting held on September 13, 1994 where Rockenfield's deductions for water and sewer expenses were discussed as being permissible and a motion "for this information to be put on record" was approved by the board. However, the first resolution passed on November 2, 1995 approved prospective deductions and stated that it was based on the deductions that were "adopted" on September 13, 1994.