OPINION
Respondent-appellant, Cherry Kaye Johnson, appeals from a decision of the Belmont County Juvenile Court affirming the magistrate's decision awarding petitioner-appellee, Steven Johnson, custody of the parties' minor children, Scott and Katelyn Johnson.
The parties were married on June 13, 1984 and three children were born as issue of the marriage: Kristin, d.o.b. January 8, 1983; Scott, d.o.b. April 2, 1987; and Katelyn, d.o.b. September 15, 1988. The parties were granted a divorce on August 8, 1994 and appellant was awarded custody of the children.
From the date of the divorce until May of 1998 the children resided with appellant in Kentucky. During that time period, appellee had limited contact with the children. In May of 1998, the parties agreed that the children would reside with appellee in Belmont County, Ohio for six months. The children returned to Kentucky for Christmas break of 1998. At that time the parties further agreed that Scott and Katelyn would return to live with appellee in Ohio for the remainder of the school year.
On June 11, 1999, appellee filed a motion for permanent custody of Scott and Katelyn and was granted temporary custody during the pendency of the action. After a hearing on the matter, which included in-chamber interviews with all three children and testimony by both parties and their fiancés, the magistrate awarded custody of Scott and Katelyn to appellee. Appellant filed objections to the magistrate's decision and the trial court affirmed the decision on December 17, 1999. Appellant filed her notice of appeal from this decision on January 14, 2000.
It should be noted that the trial court found that there was no record of the proceedings before the magistrate due to technical difficulties. Each party then submitted a summary of the testimony before the magistrate.
Appellant alleges four assignments of error, the first of which states that the trial court erred in not providing this court with a transcript of the children's in-chamber interviews. This court ordered that we be provided with a transcript of the in-chamber interviews so that we could conduct a full-merit review of the claimed errors, which we have since received and reviewed. Therefore, appellant's first assignment of error is moot.
Appellant's second assignment of error states:
 "THE COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY FAILING TO CONSIDER THE WISHES AND CONCERNS OF THE PARTIES' MINOR CHILDREN."
Appellant argues that since the magistrate made no reference in his decision to the children's in-chamber testimony, he must not have considered their wishes and concerns. Appellant also argues that the magistrate did not determine each child's reasoning ability as required by R.C. 3109.04(B).
An appellate court will not reverse a trial court's decision regarding the custody of children that is supported by competent and credible evidence absent an abuse of discretion. Bechtol v. Bechtol (1990),49 Ohio St.3d 21, syllabus of the court. In determining whether the trial court abused its discretion, we cannot simply substitute our judgment for that of the trial court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. An abuse of discretion connotes more than an error in judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Id.
R.C. 3109.04(B)(2)(b) states that if the court determines that it would not be in the child's best interest to determine his or her wishes or concerns, it shall enter its written findings of fact and opinion in the journal. It does not state that the court shall enter written findings of fact and opinion in cases where the court determines that it would be in the best interest of the child to determine the child's wishes and concerns. Since the statute clearly states that the court must enter written findings of fact and opinion when it decides that the child's wishes and concerns will not be determined, it can reasonably be inferred that the court is not required to make written findings of fact and opinion when it determines that the child's wishes and concerns will be determined.
Although the magistrate did not mention in its decision that it considered the children's wishes and concerns, when there is no evidence to the contrary, we will presume that the magistrate considered all relevant factors in determining custody. Evans v. Evans (1995),106 Ohio App.3d 673, 677. Absent evidence to the contrary, the fact that the magistrate interviewed the children is enough to demonstrate that he gave their wishes and concerns consideration. Appellant has not provided any evidence that the magistrate failed to consider the children's wishes and concerns.
Appellant's second assignment of error is without merit.
Appellant's third assignment of error states:
 "THE COURT ABUSED ITS DISCRETION IN FAILING TO CONSIDER THE FACTOR OF `PRIMARY CAREGIVER' IN AN ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES."
Appellant claims that for the majority of the children's lives she has been their primary care giver. She argues that the magistrate failed to consider this factor in making his decision. Appellant argues that the trial court must give consideration to which parent was the primary care giver. Citing, Holm v. Smilowitz (1992), 83 Ohio App.3d 757, 776.
Again, although the magistrate did not mention the "primary care giver" factor in his decision, we will presume that the magistrate considered all relevant factors, absent evidence to the contrary. Evans, supra. Appellant has not provided us with any evidence to support the idea that the magistrate did not consider this factor.
Appellant's third assignment of error is without merit.
Appellant's fourth assignment of error states:
 "THE COURT ABUSED ITS DISCRETION IN FAILING TO CONSIDER THE FACTORS PROVIDED IN OHIO REVISED CODE 3109.04 IN ALLOCATING PARENTAL RIGHTS. FURTHERMORE, THE COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
Appellant asserts that the magistrate and the trial court failed to take the statutory factors set out in R.C. 3109.04(F) into account when making their determinations. Appellant contends that by neglecting to consider the statutory factors along with the failure to consider the primary care giver factor, they failed to leave a record to support their decisions. Furthermore, appellant argues that the trial court deviated from the legislative mandate it is required to follow when allocating parental rights and responsibilities thereby abusing its discretion.
A trial court's discretion in a custody modification proceeding is guided by R.C. 3109.04. Miller v. Miller (1988), 37 Ohio St.3d 71, 74. R.C. 3109.04(E)(1)(a) provides, in part:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds * * * that a change has occurred in the circumstances of the child, [or] his residential parent * * * and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree * * *, unless a modification is in the best interest of the child and one of the following applies:
"(i) * * *
 "(ii) The child, with the consent of the residential parent * * *, has been integrated into the family of the person seeking to become the residential parent.
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
In accordance with the statute, the court must find that three elements exist in order to modify the existing allocation of parental rights: (1) a change in circumstances; (2) the modification is in the children's best interest; and, (3) either the children have been integrated into appellee's home with appellant's consent or any harm to the children is outweighed by the advantages of the modification. Martin v. Martin (June 30, 2000), Jefferson App. No. 97-JE-11, unreported, 2000 WL 875392, *6;Clark v. Smith (1998), 130 Ohio App.3d 648, 653.
R.C. 3109.04(F) sets forth several factors the court must consider when determining the best interest of a child. The factors include: the wishes of the parents; the wishes of the child; the child's interaction with his parents, siblings and others who may affect his best interest; the child's adjustment to his home, school, and community; the parent more likely to facilitate visitation; whether the residential parent has continuously denied the other parent of his or her visitation rights; and whether either parent has established a residence outside of Ohio. R.C.3109.04(F).
In reaching its decision, the court considered the summaries of testimony provided by the parties, the exhibits, the court's file, and the magistrate's decision. Competent probative evidence exists in these documents to support the trial court's decision.
Appellant's summary of the testimony before the magistrate states that she agreed in the summer of 1998 to allow the children to reside with appellee for six months. She also testified that she allowed Scott and Katelyn to remain with appellee for the remainder of the school year after they visited with her over Christmas break. She testified that she lives in Kentucky with her boyfriend and that she is a homeowner. She stated that a local children's services agency investigated her boyfriend regarding his disciplining the children by smacking them with a spoon; however, no charges were filed. As a result, her boyfriend attended and completed parenting classes.
Appellee's summary of the testimony before the magistrate stated that he testified that his visitation with the children in 1995 and 1996 was sporadic due to a lack of cooperation between himself and appellant. He also testified that he had become delinquent in his child support payments but since July of 1998, he has remained current. He testified that he resides with his fiancé and that she helps him care for the children. He stated that the children perform well in school while living with him and participate in several curricular and extracurricular activities.
Appellee's summary also stated that appellant testified that she did not attempt to visit with the children between Christmas of 1998 and June of 1999. It stated that appellant testified that her boyfriend would be responsible for caring for the children when she was at work. Furthermore, it stated that both children expressed fear and dislike of appellant's boyfriend.
The exhibits the court considered are the court's judgment in a previous case finding appellee delinquent in his child support payments and ordering that the arrearges be paid and a child abuse report from December of 1996. The child abuse report was filed as a result of Kristin telling her school counselor that appellant's boyfriend hits her with a plastic or wooden spoon. In the report, Kristin told the investigating officer that appellant's boyfriend hits her and Scott and Katelyn on the back of their knees and thighs until they bleed and scar.
The magistrate's decision analyzed the requirements of R.C.3109.04(E)(1)(a), which states that the court must find a change of circumstances and that a modification in custody is in the best interest of the child before modifying a custody order. The magistrate found that a change in circumstances occurred with the children by the fact that they had resided with appellee for a year and had attended school in Belmont County for that year. The magistrate found that there is more stability in appellee's home and that there has been no need for family counseling as there was in appellant's home. The magistrate noted that Kristin's circumstances in Kentucky, i.e., dropped school grades and the need to take a pregnancy test due to a tryst in appellant's home, reflect that the children receive less supervision and stability with appellant than with appellee. Also, he noted that the testimony reflected that the children were more relaxed and cheerful after living in Ohio.
The magistrate also found that subsections (ii) and (iii) of R.C.3109.04(E)(1)(a) apply: the children, with the consent of appellant, have become integrated into appellee's home; and, the harm likely to be caused to the children by a change of environment is outweighed by the advantage to the children of remaining in appellee's home, which is more supervised and stable.
From this evidence, the trial court was within its broad discretion in adopting as its own the magistrate's decision to award a change of custody to appellee.
Appellant's fourth assignment of error is without merit.
Based on the foregoing, the trial court's decision is hereby affirmed.
 ____________ DONOFRIO, J.
Waite, J., concurs.
DeGenaro, J., concurs.