OPINION
{¶ 1} Plaintiff-appellant, Wilbur Minnick, appeals a decision of the Madison County Court of Common Pleas, Juvenile Division, adopting the Shared Parenting Plan of defendant-appellant, Mindi Johnson, and ordering child support.
 {¶ 2} Appellant and appellee are the parents of Austin. The parties lived together from 1998 until July 2002, but were never married. Appellant filed a complaint for allocation of parental rights and responsibilities on July 29, 2002. He requested shared parenting and asked the court to set child support according to the statutory guidelines. Appellee filed an answer in which she denied that shared parenting was in the best interest of the child.
 {¶ 3} Appellant amended his complaint to request sole custody if the trial court should determine that his shared parenting plan was not in the best interest of the child. Appellant filed his shared parenting plan on September 20, 2002.
 {¶ 4} A hearing was held on November 7, 2002. At the close of the hearing, the trial court requested that counsel submit "summations, if they chose, concerning either of the facts they think they presented of the law applicable." The trial court stated that "they can also submit proposed entries if they chose, the entries that they would suggest that the court sign as a result of this matter." Along with her closing argument, appellee submitted a proposed shared parenting plan.
 {¶ 5} The court issued a decision in the case, adopting the shared parenting plan submitted by appellee and also adopting the child support worksheet she submitted. Appellant requested separate findings of fact and conclusions of law. The trial court issued findings of fact and conclusions of law, and also issued an amended decree, increasing appellant's child support obligation. Appellant now appeals the trial court's decisions regarding allocation of parental rights and responsibilities and the calculation of his child support obligation.
 {¶ 6} On appeal, appellant raises five assignments of error.
Assignment of Error No. 1
 {¶ 7} "THE TRIAL COURT ERRED IN ADOPTING THE MOTHER'S SHARED PARENTING PLAN BECAUSE IT WAS NOT TIMELY FILED WITH THE COURT."
Assignment of Error No. 2
 {¶ 8} "THE TRIAL COURT ERRED IN ADOPTING THE MOTHER'S SHARED PARENTING PLAN BECAUSE IT IS LEGALLY FLAWED."
Assignment of Error No. 3
 {¶ 9} "THE TRIAL COURT ERRED IN NOT PROVIDING SEPARATE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN ORDERING CHILD SUPPORT IN AN AMOUNT IN EXCESS MANDATED [SIC] BY THE CHILD SUPPORT GUIDELINES."
Assignment of Error No. 4
 {¶ 10} "THE TRIAL COURT ERRED IN REJECTING THE PLAINTIFF-APPELLANT'S PLAN WITHOUT SUFFICIENTLY STATING ITS REASON FOR DOING SO AS REQUIRED BY 3109.04(D)(1)(a)(iii)."
Assignment of Error No. 5
 {¶ 11} "THE TRIAL COURT ERRED IN CALCULATING CHILD SUPPORT IN THIS CASE."
 {¶ 12} In his first assignment of error, appellant argues that the trial court erred in adopting appellee's shared parenting plan because it was not timely filed within the statutory guidelines. R.C. 3109.04(G) requires that a motion for shared parenting be filed at least 30 days prior to the hearing on the issue of parental rights and responsibilities. However, other appellate courts have found this requirement is directory, not mandatory. Harris v. Harris (1995),105 Ohio App.3d 671,674. Instead of creating an inflexible rule requiring all plans to be submitted 30 days before trial, a judge has discretion to grant leave to file an untimely plan, as long as due process rights are protected by allowing the opposing party adequate opportunity to address the issue and present relevant evidence at trial. Id; Hampton-Jones v.Jones, Cuyahoga App. No. 77279, 77412, 2001-Ohio-4229.
 {¶ 13} However, in this case we find that appellant was deprived of due process because he did not receive adequate notice that appellee's shared parenting plan would be considered by the trial court. A review of the facts, including the filings and appellant's opening statement at the hearing, reveal that appellee opposed shared parenting, even at the time of the hearing. The trial court's comments about submitting proposed entries did not give appellant any indication that the trial court would allow appellee to submit a shared parenting plan after the hearing. Furthermore, appellant was not given any opportunity after the submission of the plan to respond to its contents. Therefore, we find that the trial court erred in adopting appellee's untimely filed shared parenting plan. Appellant's first assignment of error is sustained.
 {¶ 14} In his second assignment of error, appellant contends that the trial court erred by adopting appellee's shared parenting plan because it was legally flawed. Appellant first argues that the plan improperly designated appellee the residential parent and legal custodian of the child. The plan states that for the purposes of physical living arrangement, appellee is the residential parent and legal custodian of the child. Appellant argues that this designation is contrary to R.C.3109.04(K)(5) and (6).
 {¶ 15} In discussing the difference between the situation in which one parent is designated the residential parent and the other is awarded visitation from a shared parenting plan, this court explained that:
 {¶ 16} "[S]hared parenting refers to an agreement between parents regarding the care of their children that was previously termed `joint custody.' In re Bonfield, 97 Ohio St.3d 387, 2002-Ohio-6660, at ¶ 17. `Shared parenting' means that the parents actually share some or all of the aspects of physical and legal care of their children. R.C.3109.04(J); Snouffer v. Snouffer (1993), 87 Ohio App.3d 89, 91. In addition, unless the context clearly requires otherwise, when a trial court issues a shared parenting order, `both parents have "custody of the child" under the order,' 3109.04(K)(5) and each parent is `the "residential parent," the "residential parent and legal custodian," or the "custodial parent" of the child.' R.C. 3109.04(K)(6). A shared parenting arrangement is therefore the opposite of an arrangement which clearly establishes a custodial parent and a noncustodial parent." Bauerv. Bauer, Clermont App. No. CA2002-10-083, 2003-Ohio-2552, at ¶ 21.
 {¶ 17} We find no reason why the context of the plan would "clearly require" appellee to be the residential and custodial parent and the trial court's order gives no indication of any reason for this designation.
 {¶ 18} Appellant also argues that several other provisions of the shared parenting plan are legally flawed, such as requiring him to pay 50 percent of school expenses and $500 a year for clothing, and ordering him to obtain life insurance with the child as the beneficiary. While such provisions may be appropriate in a shared parenting plan under other circumstances, the trial court erred in adopting this plan without giving appellant the opportunity to respond and address the propriety of these issues. Appellant's second assignment of error is sustained.
 {¶ 19} In his third assignment of error, appellant contends that the trial court erred in setting child support guidelines. Appellant argues that the trial court ordered him to pay for a $100,000 life insurance policy, 50 percent of school expenses and $500 a year in clothing in addition to the guideline child support. Appellant argues that the trial court failed to make findings of fact to justify this deviation.
 {¶ 20} The amount of child support calculated pursuant to the basic child support schedule and applicable worksheet is "rebuttably presumed" to be the correct amount of child support due. R.C. 3119.03. With regard to shared parenting plans, R.C. 3119.24 allows a court to order child support in an amount that deviates from the calculation obtained from the schedule and worksheet if it determines "that amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code[.]" R.C. 3119.24(A)(1).
 {¶ 21} Appellant's reliance on the above provisions of the Revised Code are misplaced because the trial court did not make a deviation from the child support guidelines. Instead, the items appellant objects to are additional expenses ordered by the trial court outside of the child support order. However, given our resolution of appellant's first and second assignments of error, we find that the trial court erred in adopting these provisions in the shared parenting plan, not because it was a deviation without findings, but because there is no evidence in the record discussing these expenses and because appellant did not have the opportunity to respond to the propriety of these items at the hearing. Appellant's third assignment of error is sustained.
 {¶ 22} In his fourth assignment of error, appellant contends that the trial court erred by rejecting his shared parenting plan without sufficiently stating its reason for doing so as required by R.C.3109.04(D)(1)(a)(iii). The approval of a shared parenting plan under R.C. 3109.04(D)(1) is discretionary with the trial court. R.C.3109.04(D)(1)(b). Accordingly, a trial court's decision in this regard will be reversed only upon a showing of an abuse of the trial court's discretion. See Evans v. Evans (1995), 106 Ohio App.3d 673, 677. In determining whether a shared parenting plan is in the best interest of the children, a trial court must consider all relevant factors, including, but not limited to, the factors set forth in R.C. 3109.04(F)(1) and (2), and R.C. 3113.215(B)(3). See R.C. 3109.04(F)(2).
 {¶ 23} However, whether the court approves a shared parenting plan or refuses to order shared parenting, the statute requires the trial court to enter findings of fact and conclusions of law as to the reasons for the approval or refusal. R.C. 3109.04(D)(1)(a). Other courts have found substantial compliance with R.C. 3109.04(D)(1)(a)(iii) where the trial court's reasons for approval or denial are apparent from the record. Winkler v. Winkler, Franklin App. No. 02AP-937, 02AP-1267,2003-Ohio-2418; Hall v. Hall (May 29, 1997), Union App. No. 14-97-03, unreported.
 {¶ 24} In this case, there is no evidence as to what, if anything, the court considered in making its determination that the shared parenting plan was in the best interest of the children. SeeTheiss v. Theiss (Apr. 11, 2001), Wayne App. No. 00CA0022. Aside from a conclusory statement that "the court finds [appellee's] shared parenting plan is in the best interest of the parties' minor child" no further findings of fact or support for the decision to deny appellant's plan or to accept appellee's plan are given. Even after appellant requested findings of fact and conclusions of law, the trial court did not state any reason for denying appellant's plan or for accepting appellee's.
 {¶ 25} Furthermore, the trial court's reasons for approving the shared parenting plan in this case are not apparent from the record. The parties have been able to agree on parenting time, and appellant's shared parenting plan proposed an allocation of parenting time similar to what the parties had already been observing, while the plan adopted by the trial court substantially reduced appellant's parenting time. Appellant is currently living in the home where Austin was born and raised until the parties separated. Appellee testified that she is happy with appellant spending time with Austin and her only complaint was that she wanted Austin to sleep in the same bed at night, particularly when he starts school in a few years. Given these facts, we find no obvious reason for the trial court's denial of appellant's shared parenting plan. Thus, we find that the trial court erred in failing to state its reasons for denying the plan. Appellant's fourth assignment of error is sustained.
 {¶ 26} In his fifth assignment of error, appellant contends that the trial court erred in calculating his child support obligation. In particular, appellant argues that the trial court erred in determining his income from rental property.
 {¶ 27} In its findings of fact and conclusions of law, the trial court stated that appellant's tax return indicated that his rental property generated income. The trial court noted that the rents received in 2001 were $20,210, but the net income after business deductions was $7,189.96. The trial court then found that appellant deducted $6,210 for estimated vehicle mileage and $4,443.87 as real estate depreciation. The trial court disallowed these deductions and figured appellant's income accordingly.
 {¶ 28} In determining self-employment income, the trial court may deduct amounts expended for "ordinary and necessary business expenses." Pursuant to R.C. 3119.01(C)(9)(a), "ordinary and necessary business expenses * * * means actual cash items expended by the parent or the parent's business and includes depreciation expenses of business equipment as shown on the books of a business entity." However, "ordinary and necessary business expenses" do not include "depreciation expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or the parent's business." It is the parent's duty to provide evidence of actual cash expenditures in order to claim the deductions for child support purposes. See Foster v. Foster,150 Ohio App.3d 298, 2002-Ohio-6390.
 {¶ 29} The trial court disallowed the above deductions from appellant's business income on the grounds that there was no evidence presented that the vehicle mileage or the depreciation was an actual cash expenditure. No supporting documentation was presented to the trial court and no testimony was presented on this issue. Accordingly, we find that the trial court did not abuse its discretion in determining appellant's child support obligation. Appellant's fifth assignment of error is overruled.
Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings according to law and consistent with this opinion.
VALEN, P.J., and POWELL, J., concur.