OPINION
{¶ 1} Plaintiff-appellant Xiaowei He ("wife") appeals the May 23, 2002 Decree of Divorce entered by the Licking County Court of Common Pleas, Domestic Relations Division. Defendant-appellee is Quingyu Zeng ("husband").[1]
 STATEMENT OF THE FACTS AND CASE {¶ 2} Husband and wife were married on January 18, 1989, in Shanghai, China. One child, a son, was born as issue of said union, to wit: Feihua Zeng (DOB 11/5/89).
 {¶ 3} On January 23, 2001, wife filed a Complaint for Divorce in the Licking County Court of Common Pleas, Domestic Relations Division, asserting gross neglected duty, extreme cruelty and incompatibility as grounds. Husband filed an Answer and Counterclaim on March 2, 2001, with leave from the trial court. Upon agreement of the parties, the trial court appointed a guardian ad litem for the child. The matter proceeded through a contemptuous course. On March 6, 2002, Paul Harmon, counsel for wife, filed a Motion to Withdraw after wife requested him not to do further legal work on her behalf. The trial court granted Attorney Harmon's motion to withdraw.
 {¶ 4} The matter came on for a final contested divorce trial before the magistrate on May 21, 2002. The following day, husband filed objections to a prior magistrate's decision, and the magistrate continued the final hearing. In the interim, wife retained new counsel. The matter came on for a continuation of the final contested trial before the magistrate on August 30, 2002. At the beginning of the proceedings, wife's new counsel presented a motion for a change of venue from Licking County to Franklin County. The magistrate conducted a hearing on that motion and considered the parties' positions relative thereto. Via Magistrate's Order filed September 3, 2002, the magistrate recommended said transfer. The Franklin County Court of Common Pleas, Domestic Relations Division, found the change of venue was not appropriate and declined to accept the transfer. Upon return to the Licking County Court of Common Pleas, the trial court concluded the final contested divorce hearing on May 6, 2003. The trial court issued its Decree of Divorce and Shared Parenting Plan on May 23, 2003.
 {¶ 5} It is from this judgment entry wife appeals, raising the following assignments of error:
 {¶ 6} "I. The trial court abused its discretion by accepting jurisdiction both in rem and personal without hearing any evidence in support.
 {¶ 7} "II. The trial judge abused his discretion in not allowing a reasonable chance for the parties to receive and respond to the submission of the guardian ad litem report.
 {¶ 8} "III. The trial court abused its discretion by allowing a division of marital property to be paid in the amount of $5534.51 to appellant/plaintiff's former attorney after he withdrew from the case and was not a party to this action.
 {¶ 9} "IV. The trial court abused its discretion in holding for future modification a division of marital property as it relates to visitation of the minor child, and employment of the appellant.
 {¶ 10} "V. The trial court judge abused its discretion by allowing the trial to begin before a court magistrate, then adjourn and reconvene before the trial judge and not have any determination and/or mistrial of the first trial.
 {¶ 11} "VI. The trial court judge abused his discretion by finding grounds for divorce without taking testimony from the parties and/or a witness to support said grounds."
 I {¶ 12} In her first assignment of error, wife maintains the trial court erred in accepting in rem and personal jurisdiction without hearing evidence in support thereof.
 {¶ 13} In paragraph one of her Complaint for Divorce, wife states she "has been a resident of the State of Ohio and County of Licking for more than six months immediately proceeding the filing of this complaint." Under the invited error doctrine, "a party will not be permitted to take advantage of an error which he himself invited or induced." State v. Bey (1999),85 Ohio St.3d 487, 493 (Citation omitted). Assuming, arguendo, such was not invited error, we have no means by which to determine whether wife objected to the trial court exercising jurisdiction as wife failed to provide a transcript of the May 21, 2002, and May 6, 2003 proceedings.
 {¶ 14} In Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197, the Ohio Supreme Court held: "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the Court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199. Based upon the authority of Knapp, we presume the regularity of the trial court's decision.
 {¶ 15} Wife's first assignment of error is overruled.
 II {¶ 16} In her second assignment of error, wife contends the trial court abused its discretion in not providing the parties with a reasonable chance to receive and respond to the guardian ad litem's report.
 {¶ 17} Wife notes the guardian ad litem's final billing statement reveals her report was drafted on May 20, 2003. The trial court issued its Decree of Divorce on May 23, 2003. Wife explains, "According to discussion between counsel for the parties, the Guardian ad Litem, and the trial judge, on May 6, 2003 the Guardian ad Litem was to prepare and submit her final report regarding recommendations as to final disposition of the parental rights and responsibilities, concerning the minor child Feihau "Phillip" Zeng. This was to be submitted and the parties were to then submit responses to this report within 10-14 days." Brief of Appellant at 5. Wife has not identified where in the record this discussion occurred as required by App. R. 16(A).
 {¶ 18} As stated supra, wife did not provide this Court with a transcript of the May 6, 2003 proceeding. Even if the trial court erred in not providing the parties with an opportunity to respond to the guardian ad litem's report, in the absence of a transcript, we are unable to determine if such failure was prejudicial to wife. Because the transcript is necessary to resolve this issue, we overrule' second assignment of error on the authority of Knapp, supra.
 {¶ 19} Wife's second assignment of error is overruled.
 III {¶ 20} Herein, wife submits the trial court abused its discretion in ordering wife's former attorney to be paid with proceeds from the sale of the marital residence.
 {¶ 21} The decision whether to grant attorney's fees is committed to the sound discretion of the trial court, and will not be reversed on appeal absent an abuse of discretion. Demo v.Demo (1995), 101 Ohio App.3d 383, 388-389. Wife has not challenged the award or the amount of the attorney fees, but only the mechanism through which the court has ordered payment. At the time Attorney Harmon requested the attorney fees, the funds from the sale of the marital residence were in escrow with the trial court. We find no abuse of discretion in the trial court's ordering the payment of the attorney fees out of the escrow account prior to distribution of the monies to the parties.
 {¶ 22} Wife's third assignment of error is overruled.
 IV {¶ 23} In her fourth assignment of error, wife challenges the trial court's order relative to her receipt of her award of the marital property. Specifically, the portion, which reads:
 {¶ 24} "[T]he Court directs that Attorney Harmon shall issue two checks, one to plaintiff and her attorney and one to defendant and his attorney as noted below.
 {¶ 25} "In reviewing the Guardian ad Litem's report, it is most disturbing that the plaintiff has elected to ignore this Court's effort to establish parenting times between the child and the defendant. Further, the plaintiff has failed to follow the mandate of this Court which directed her to seek employment. To date, the Court has no indication that the plaintiff has ever even attempted to become employed.
 {¶ 26} "Therefore the Court enters the following orders. Attorney Harmon will, upon receiving a copy of this Decree, release all monies due the defendant to the defendant and his attorney.
 {¶ 27} "As for the plaintiff, the Court directs that one-half the monies due the plaintiff shall be released on the date the child is with his father to begin summer parenting times with the defendant.
 {¶ 28} "Upon notification from the defendant or defendant's counsel that the child has arrived in Texas, or, is in possession of the defendant, the Court will authorize Mr. Harmon to releaseone-half the monies due the plaintiff.
 {¶ 29} "The Court will release the other half of the monies due the plaintiff when she has been fully employed at 37 to 40 hours per week for 60 days. If, after one year from the filing date of this Decree, the plaintiff has chosen not to pursue full time employment, the Court will authorize Mr. Harmon to pay the remaining monies to the defendant." Decree of Divorce at 5-6.
 {¶ 30} We find a trial court cannot condition a party's receipt of their portion of marital property upon that party's future compliance with court ordered visitation or a court order to obtain future employment, resulting in forfeiture occurring if visitation is not allowed and/or employment is not pursued/obtained.
 {¶ 31} Wife's fourth assignment of error is sustained.
 V {¶ 32} In her fifth assignment of error, wife submits the trial court abused its discretion in permitting the final divorce hearing to commence before the magistrate, but conclude, at a future date, before the trial court. Specifically, wife maintains the trial court did not make any references to the testimony adduced during the May 21, 2002 hearing before the magistrate. Wife has failed to direct this Court to where in the record she objected to the trial court's hearing the conclusion of the matter rather than the magistrate as required by App. R. 16(A). As such, we find any alleged error to be waived.
 {¶ 33} Wife's fifth assignment of error is overruled.
 VI {¶ 34} In her final assignment of error, wife asserts the trial court abused its discretion in granting the parties a divorce on the grounds of incompatibility when the trial court did not hear testimony relative to this ground.
 {¶ 35} We find wife is estopped from making such an argument. In her Complaint for Divorce, wife states: "Plaintiff says that she has always conducted herself as a good and faithful wife, but that the Defendant in violation of his marital duties, has been guilty of gross neglect of duty and extreme cruelty, the particulars of which will be disclosed to the Court at the time of trial. As further grounds for divorce, Plaintiff hereby states that the parties hereto are incompatible." Husband's counterclaim for divorce also alleged incompatibility as grounds.
 {¶ 36} Wife's sixth assignment of error is overruled.
 {¶ 37} The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part and the matter remanded for further proceedings consistent with this opinion and the law.
Hoffman, J., Gwin, P.J., and Wise, J. concur.
[1] Husband has not filed a brief in this action.