OPINION
{¶ 1} On May 11, 1995, appellant, Erica Self, gave birth to Austin Michael Self. Appellant was not married to the child's father, Alan Wheeler. Following the birth, appellant and her son lived with her parents, appellees, Steve and Diane Self.
 {¶ 2} In early 2002, appellant and her son moved to their own residence. Thereafter, appellees filed a motion for custody of the child. By judgment entry filed August 18, 2002, the trial court denied the motion, but granted appellees visitation.
 {¶ 3} On July 27, 2002, appellant married Matt Rusinko. On January 22, 2003, appellant filed a notice of intent to relocate to New York. On February 26, 2003, appellees filed a Civ.R. 60(B) motion for relief from the August 18, 2002 judgment or in the alternative, a motion for change of custody. Hearings commenced on April 29, 2003. By judgment entry filed May 28, 2004, the trial court granted the change of custody unless appellant moved back to the Stark County, Ohio area by October 30, 2004.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "Because the trial court did not determine that appellant was unsuitable, it erred as a matter of law in awarding custody of her son to his grandparents under a best interest standard."
 {¶ 6} At the outset, we note appellees filed a motion to dismiss the appeal for appellant's failure in providing a complete transcript of the proceedings. Appellant's assignment of error attacks the trial court's decision as being inconsistent with the conclusions of law under the applicable case law. The assignment raises issues of law therefore, the entire transcript is not necessary for review. Appellees' motion is not well taken and is hereby denied.
 I {¶ 7} Appellant claims the trial court erred in ordering a change of custody to appellees without a finding of unsuitability pursuant to In re Perales (1977), 52 Ohio St.2d 89. We agree.
 {¶ 8} The motion for change of custody involved parties of unequal status. Appellant, as the natural mother with custody, has the paramount right to custody of the child. Such a philosophy was recognized by the United States Supreme Court inTroxel v. Granville (2000), 530 U.S. 57, 66, wherein the court reviewed several cases and held, "In light of this extensive precedent, it cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children." The court went on to state, "Accordingly, so long as a parent adequately cares for his or her children (i.e., is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." Id. at 68-69.
 {¶ 9} In Ohio, under Perales, a change of custody from a natural parent to another involves a two-step process. The first and primary step is the issue of unsuitability of the natural parent. The second step is the best interest standard. To blend or compromise the first and prerequisite step with the second step in the process is improper. We cannot condone a change of custody because the non-parent has a better lifestyle or standard of living than the natural parent or can provide far greater comforts to the child than the natural parent. Ohio has consistently rejected this philosophy and has always considered the rights of the natural parent to be primary.
 {¶ 10} By reference, the trial court adopted appellees' findings of fact filed April 20, 2004. Nowhere in these findings is appellant's suitability discussed. In fact, the trial court's disposition of the custody issue is conditional:
 {¶ 11} "4. Motion for Legal Custody to maternal grandparents, Steve and Diane Self, is granted effective July 20, 2004. However, if mother returns to Stark County or a county in close proximity then legal custody shall return to mother provided move is done by October 30, 2004 and a new visitation schedule will be addressed for natural father and maternal grandparents." Judgment Entry filed May 28, 2004.
 {¶ 12} Eventually, appellant would be a suitable parent if she were to relocate to Stark County or its environs. Although as a proud natural daughter of Stark County I concur it is a wonderful place to live, it is not and cannot be a determination of custody. This court does not diminish appellees' sincerity or love and devotion to their grandchild. However, it is not their
best interest or their suitability that is the determining factor.
 {¶ 13} Upon review, we find the trial court erred and we hereby reverse the trial court's conditional judgment entry.
 {¶ 14} The sole assignment of error is granted.
 {¶ 15} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby reversed.
Farmer, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is reversed.