[Cite as *Moran v. Gaskella*, 2012-Ohio-1158.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| RANDI MORAN, ET AL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiffs-Appellees | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-21 |
| DOROTHY GASKELLA, ET AL | : |  |
|  | : |  |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Mount Vernon
                             Municipal Court, Case No. 11CVG00741

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 19, 2012

APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

JAY W. NIXON                         DAVID B. STOKES
121 East High Street                 21 W. Church St., Ste. 206
Mount Vernon, OH 43050               Newark, OH 43055

*Gwin, P.J.*

{1} Defendants-appellants Dorothy Gaskella and Dwight Allen appeal a judgment of the Municipal Court of Mount Vernon, Knox County, Ohio, granted in favor of plaintiffs-appellees Randi and Lori Moran on appellees' forcible entry and detainer action. Appellants assign six errors to the trial court:

{2} "I. APPELLEES FAILED TO ADEQUATELY DEMONSTRATE OWNERSHIP OF THE PREMISES.

{3} "II. APPELLEES' EVICTION WAS UNLAWFULLY RETALIATORY.

{4} "III. THE TRIAL COURT ERRED IN OVERRULING APPELLANTS' ORAL MOTION TO DISMISS.

{5} "IV. THE TRIAL COURT ERRED IN NOT GRANTING APPELLANTS' MOTION FILED SEPTEMBER 30, 2011.

{6} "V. THE TRIAL COURT ERRED IN RULING THAT APPELLANTS' 'WRITING' IS INSUFFICIENT TO MEET THE REQUIREMENTS OF THE STATUTE OF FRAUDS.

{7} "VI. THE TRIAL COURT ERRED BY NOT FINDING AN ORAL CONTRACT/RENTAL AGREEMENT HEREIN."

{8} The trial court conducted a hearing on September 23, 2011, and recited the facts in its judgment entry of October 6, 2011. Appellant Dorothy Gaskella and her late husband Frank Gaskella began renting a lot for a mobile home on March 1, 1990, from Iris Moran. Appellants presented a receipt signed by Iris Moran acknowledging a $75.00 rental payment for rent on Lot Number 3 from April 1, to May 1, 1990. The receipt also contained the phrase "Thirty-year lease". Appellees argued the handwriting

of the phrase was different from the rest of the receipt but presented no expert testimony on handwriting analysis.

**{9}** The trial court found Iris Moran was the appellees' predecessor in interest, and appellees were aware of appellants' occupancy of the premises when they acquired title to the property. The court found appellees received monthly rental payments from appellants for several months after they acquired possession of the premises.

**{10}** The trial court found the document containing the phrase "Thirty-year lease" did not contain all the essential terms of a rental contract. The court concluded appellants' occupancy of the property is a month-to-month tenancy and that appellees are permitted to terminate the lease. The court issued a writ of restitution with an eviction date of November 1, 2011, and granted judgment for rent for June, July, August, September and October, 2011 at the rate of $130.00 per month or a total of $650.00 plus interest at a rate of 4% per annum.

I.

**{11}** In their first assignment of error, appellants argue appellees did not present any documentary evidence showing they owned the premises, although appellants concede appellee Lori Moran testified she was the legal owner of the premises. Appellants did not offer any evidence to the contrary.

**{12}** Essentially, appellants argue the testimony was insufficient as a matter of law. Our standard of reviewing the sufficiency of the evidence in a civil case is whether, after viewing the evidence in a light most favorable to the prevailing party, the judgment is supported by competent and credible evidence. *Technical Constructions v. Cooper,* 8th Dist. No. 96021, 2011-Ohio-5252, at ¶ 14.

{13}   We find the evidence was sufficient to establish appellees' claims. The first assignment of error is overruled.

II.

{14}   In their second assignment of error, appellants argue the eviction was retaliatory because appellants and appellees had some conflict over dogs and trees.

{15}   It appears from the record appellants did not raise the matter in the trial court.  They argue they would have done so if the court had granted them extra time to further move or plead after the hearing. They argue it was necessary because appellees amended their complaint on the day of the hearing.  At the hearing, appellants amended their complaint to substitute appellant Dwight Allen's name for a John Doe defendant originally named in the complaint.  The amended complaint did not alter any claims against the appellants.  Counsel for appellants stated he had no objection to proceeding with the trial under the amended complaint.

{16}   We find appellants waived the issue. The second assignment of error is overruled.

III.

{17}   In their third assignment of error, appellants argue the trial court should have dismissed the matter because appellants accepted their June rent payment, thereby waiving the 30-day notice of termination served on appellants on May 31, 2011.

{18}   If a landlord accepts future rent payments after serving a notice to vacate, the landlord is deemed to have waived the notice to vacate as a matter of law because the action of accepting rental payment is inconsistent with the notice to vacate. However, if the landlord accepts payment for past-due rent, this does not act as a

waiver of the three-day notice. *Associated States Corporation v. Bartell,* 24 Ohio App.3d 6, 9, 492 N.E. 2d 841 (1985).

{19}    Appellees subsequently filed a three-day notice to vacate pursuant to R.C. 1923.04 on July 1, 2011. We find they did not waive the notice to vacate and were entitled to the rent payment for the month of June, 2011.

{20}    We find the trial court did not err in overruling appellant's motion to dismiss the action.  The third assignment of error is overruled.

IV.

{21}    In their fourth assignment of error, appellants argue the court erred in not sustaining their motion to reconsider its denial of their motion to dismiss.

{22}    Because we find the trial court did not err in overruling the motion to dismiss, we find it also did not err in overruling the motion to reconsider that judgment.

{23}    The fourth assignment of error is overruled.

V.

{24}    In their fifth assignment of error, appellants argue the trial court erred in ruling their receipt from Iris Moran containing the words "thirty-year lease" was insufficient to meet the requirements of the statute of frauds.

{25}    The trial court found that normally many obligations of the landlord and/or the tenant are set forth in a written lease.  However, some obligations may be determined by the conduct of the parties or predecessors in interest, such as who mows the lawn, maintains the premises and driveway, and pays the utilities, trash removal, and taxes.  The trial court found in the case at bar, the conduct of the parties and of their predecessors in interest proves many details of the agreement between the

parties. However, the court found there was no proof with respect to how the rent is to be determined. There is no proof of any limitation on the amount or frequency that the rent may be increased, nor any formula for calculating a rent increase.

{26} Considering the alleged lease is for thirty years, we agree with the trial court a provision for changes in the rent is an essential term. We further agree with the trial court the omission of the provision is fatal. As the trial court correctly concluded, a defective lease creates a month-to-month tenancy. *Kilcoyne Properties LLC v. Fischbach,* 5th Dist. No. 03CA072, 2004-Ohio-7272 at ¶ 43.

{27} The fifth assignment of error is overruled.

VI

{28} In their sixth assignment of error, appellants argue the trial court erred in not finding an oral contract/rental agreement.

{29} At the hearing, Carol Cline, appellant Dorothy Gaskella's daughter, testified she spoke with appellees after her mother informed her appellees had asked appellants to move. Cline testified appellees indicated if appellants paid $130.00 per month, they could stay as long as they wanted. She testified this was a $20.00 increase in the rent.

{30} Appellee Randi Moran testified the rent increase was not any kind of lease term or renegotiation of the lease. He testified the increase was simply because appellants were not paying the same amount as the other tenants, although he conceded appellants were responsible for their gas bill whereas at least one other renter was not.

**{31}** The trial court was the finder of fact here, and found appellees more credible than appellants. We may not reverse a judgment of the trial court if the judgment is supported by competent and credible evidence. *Vogel v. Wells,* 57 Ohio St. 3d 91, 96, 566 N.E. 2d 154 (1991). This is because the trial court has the opportunity to observe the witnesses and the nuances of their behavior, and can weigh the credibility of the testimony in a manner which a reviewing court cannot. *Seasons Coal Company v. Cleveland,* 10 Ohio St. 3d 77, 461 N.E. 2d 1273 (1984).

**{32}** We find the trial court's judgment is supported by evidence in the record. Accordingly, the sixth assignment of error is overruled.

**{33}** For the foregoing reasons, the judgment of the Mount Vernon Municipal Court is affirmed.

By Gwin, P. J.,

Farmer, J., and

Wise, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

WSG:clw 0305                              HON. JOHN W. WISE

[Cite as *Moran v. Gaskella*, 2012-Ohio-1158.]

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RANDI MORAN, ET AL | : | |
| | : | |
| Plaintiffs-Appellants | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DOROTHY GASKELLA, ET AL | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2011-CA-21 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court is affirmed. Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. JOHN W. WISE