[Cite as *In re S.A.*, 2019-Ohio-4161.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

IN RE S.A.

A Minor Child

[Appeal by S.L., Mother]

:
:
:
:
:

No. 107965

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 10, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU16102196

---

### *Appearances:*

Tyresha Brown-O'Neal, *for appellant.*

Michael E. Stinn; and Alix Ann Wintner, *for appellee.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Appellant S.L. appeals from the judgment entry of the Cuyahoga County Court of Common Pleas, Juvenile Division, that was entered November 15, 2018, which designated father as the residential parent and legal custodian of the child and provided mother visitation. Upon review, we affirm the decision of the trial court.

## Background

{¶ 2}    Appellant S.L. ("mother") and appellee D.A. ("father") are the parents of S.A. ("the child"), who was born on August 5, 2014.  On February 16, 2016, father filed an application to determine custody and to establish a shared parenting plan of the child.  Father claimed that he had not seen the child since September 2015, that he had spent less than 12 hours alone with the child since birth, that he was able to see the child only if he sat at mother's home to visit the child, and that there was no protection order in effect preventing him from having contact with the child.  Father also claimed the living environment provided by mother was unsafe and unstable.

{¶ 3}    Mother filed an answer denying father's allegations.  Mother claimed, among other assertions, that she and father had been in a long-term relationship, that their physical relationship ended in October 2015, and that she had a protection order against father.  The record reflects that father was subject to a domestic-violence civil protection order with mother as the protected party and that order expired on November 16, 2016.

{¶ 4}    The trial court appointed a guardian ad litem ("GAL") for the child. The court magistrate issued pretrial orders that provided father with parenting time.

{¶ 5}    On May 1, 2017, mother filed a motion to terminate visitation. Mother claimed that father was aggressive and argumentative during an exchange of the child and also expressed safety concerns.  Thereafter, the magistrate issued an order that required the parties to exchange the child at the Warrensville Heights Police Department.

{¶ 6} In June 2017, mother filed a request for a domestic-violence civil protection order on behalf of the child. Mother alleged that she had observed bruising and swelling on the child, as well as behavioral problems, after the child's visits with father. Mother also claimed she observed blood on the child's vagina.

{¶ 7} The Cuyahoga County Division of Children and Family Services completed an investigation and found the allegations unsubstantiated. The Brunswick Police Department completed an investigation, and no charges were filed. The detective who investigated the matter testified that she found no probable cause to believe a crime was committed and "no evidence substantiating any kind of sexual assault at all." The detective testified that she noticed several inconsistencies in mother's accounts of what took place.

{¶ 8} Mother and father were referred to the court's diagnostic clinic for a child-custody evaluation. The evaluator found that the child showed no fear of her father, that father appeared appropriately attentive to the child, and that it appeared father posed no threat to the child.

{¶ 9} On December 1, 2017, the GAL for the child filed a detailed report and recommendation. The GAL discussed background information and the various investigations in the matter. She noted that although father had originally requested shared parenting, he since changed his request to be designated the sole residential parent and legal custodian of the child because he did not believe he would be permitted to have a normal relationship with the child if mother remained the child's legal custodian. The GAL expressed concern that mother had reported that after

every visit with father, she takes the child into the restroom at the police station where the exchange takes place and does a full examination of the child, including her private parts. The GAL recommended that father be designated as the residential parent and legal custodian of the child, with standard parenting time afforded to mother. The GAL stated her belief that "it is detrimental to [the child] to continue to be exposed to Mother's constant fear and suspicion in relation to Father."

{¶ 10} In December 2017, mother made another sexual-abuse allegation against father, which also was found unsubstantiated. The investigator testified that he had concerns about the information mother was providing and when she was providing it.

{¶ 11} On January 23, 2018, father filed an emergency motion for temporary custody of the child and requested an order for a psychiatric assessment of mother. Father expressed concern for psychological harm being caused to the child by mother's pattern of conduct. The trial court held an emergency custody hearing on February 8, 2018. The court removed the child from mother's custody and placed the child in father's custody with visitation given to mother. On March 8, 2018, mother filed a motion for reconsideration.

{¶ 12} On September 13, 2018, the GAL filed a supplemental report. The GAL indicated that the child had adjusted well in father's home and appeared happy and bonded to everyone in the home. She discussed additional details of the case. The GAL again recommended that father be designated as the residential parent and legal custodian of the child, but modified the recommendation that mother be given

standard parenting time. The GAL expressed concern regarding mother's continued allegations against father. She recommended mother receive parenting time for six hours each week and that mother engage in individual counseling to address her fears and insecurities regarding father and how her reactions have impacted her child. The GAL also recommended that there be a gradual increase in mother's parenting time to the court's standard parenting time order, including overnights.

{¶ 13} The trial court held a hearing on father's application and on mother's motion for reconsideration on September 20, 2018, and October 4, 2018. Various witnesses testified in the matter. The trial court issued a judgment entry, journalized on November 15, 2018, that designated father as the residential parent and legal custodian of the child and provided mother visitation every other weekend, with provisions for an increase with overnights and eventual adoption of the court's standard order of visitation upon recommendation of the GAL. The trial court found in part as follows:

> The Child has been in the care and custody of Father for some time. A change was made and the child taken from Mother when it appeared to the GAL and the Court that the parenting procedure of the Mother and Mother's actions were not in the best interests of the child.

> Since the child has been in the care and custody of the Father, things have been going well and it is the opinion of the GAL and the counsellor that the child now enjoys a life of considerably less stress.

{¶ 14} Mother has appealed the trial court's decision. She raises four assignments of error for our review.

**Law and Analysis**

{¶ 15} Under her first assignment of error, mother claims the trial court abused its discretion when it awarded father emergency temporary custody pursuant to Juv.R. 13. She claims the facts that existed did not warrant the immediate removal of the child from her custody. She further argues that she was not represented by counsel at the time of the hearing and was not given a full hearing.

{¶ 16} We note that mother has not filed a transcript of the hearing on father's motion for emergency temporary custody, nor has she submitted any statement of evidence as permitted under Civ.R. 9(C). Although mother claims no hearing occurred, the record contains references to an emergency custody hearing held on February 8, 2018. The juvenile court was permitted to conduct this hearing in an informal manner. *See* Juv.R. 27; R.C. 2151.35(A)(1).

{¶ 17} Furthermore, the record reflects that mother was represented by counsel through much of the trial court proceedings, yet she did not raise these arguments in her motion for reconsideration or at the time of the hearing on father's application and her motion for reconsideration. Because mother did not raise these objections with the trial court, she has waived her argument on appeal. *See In re Z.P.*, 2017-Ohio-7397, 96 N.E.3d 1115, ¶ 23 (8th Dist.); *In re Hammons*, 3d Dist. Defiance Nos. 4-08-04, 4-08-05, and 4-08-06, 2008-Ohio-3598, ¶ 24. Additionally, mother has not argued, nor does the record demonstrate, that this is a case in which exceptional circumstances require the application of the plain-error doctrine to prevent a manifest miscarriage of justice. Accordingly, mother's first assignment of error is overruled.

{¶ 18} Under her second assignment of error, mother claims the trial court abused its discretion when it ruled in favor of the GAL's recommendation because she claims the GAL did not complete an appropriate and thorough investigation. Although mother disagrees with the GAL's recommendations and challenges the investigation that was made, the record reflects that the GAL conducted an extensive and appropriate investigation in this matter and made an informed recommendation regarding the best interest of the child.

{¶ 19} Although mother questions compliance with certain standards outlined in Sup.R. 48(D), the rule has been interpreted as a general guideline for the conduct of the courts that does not create substantive rights. *In re K.W.*, 2018-Ohio-1933, 111 N.E.3d 368, ¶ 100 (4th Dist.). The GAL is responsible for providing the court "with relevant information and an informed recommendation regarding the child's best interest." Sup.R. 48(D). Here, the GAL provided a detailed report and recommendation, as well as a supplemental report and recommendation for the trial court's consideration. The GAL met with mother and father, members of the parents' families and households, and the child. The GAL also spoke to the child's pediatrician, the child's counselor, social workers involved in the case, and the detective who investigated the allegations that were made. The GAL reviewed the case file, including reports and other documents in the matter. The GAL also participated in the proceedings and was available for cross-examination. Upon the GAL's investigation and considering the statutory factors used to determine the best

interests of children, the GAL recommended it was in the best interest of the child for father to be designated the residential parent and legal custodian of the child.

{¶ 20} The trial court was not bound by the GAL's recommendations. *In re A.B.M.*, 8th Dist. Cuyahoga No. 107556, 2019-Ohio-3183, ¶ 49. As expressed in the trial court's judgment entry, the court reached its decision "[a]fter considering the testimony of the parties and witnesses, the argument of counsel and their written closing arguments, the Reports from the GAL, and the Diagnostic Clinic, and the various ORC statutory factors."

{¶ 21} Upon the record before us, we are unable to find that the trial court abused its discretion in considering the GAL's testimony and recommendations. The second assignment of error is overruled.

{¶ 22} Under her third assignment of error, mother claims the trial court abused its discretion when it awarded father sole legal custody and awarded mother only six-hour visits biweekly. She claims there was no evidence to support a finding that mother was unsuitable to parent the child and there was testimony establishing that mother is an appropriate and suitable parent. She again asserts that several witnesses in the case, as well as the trial court, were biased against mother. She claims that there is no factual evidence that supports awarding full custody to father and mother receiving six-hour visits every other week, or that this would be in the best interest of the child.

{¶ 23} Decisions concerning the allocation of parental rights and responsibilities are within the sound discretion of the trial court. *In re A.M.S.*, 8th

Dist. Cuyahoga No. 98384, 2012-Ohio-5078, ¶ 17. Ordinarily, an appellate court will not find an abuse of discretion when there is competent, credible evidence to support the trial court's custody decision. *Id.* at ¶ 18, citing *In re L.S.*, 152 Ohio App.3d 500, 2003-Ohio-2045, 788 N.E.2d 696 (8th Dist.).

{¶ 24} R.C. 2151.23(A)(2) grants juvenile courts jurisdiction "to determine the custody of any child not a ward of another court of this state." Pursuant to R.C. 2151.23(F)(1), the best interest standard set forth in R.C. 3109.04 applies in making the determination. In determining the best interest of a child in custody matters, the trial court is to consider all relevant factors, including, but not limited to those set forth under R.C. 3109.04(F)(1). *Nicely v. Weaver*, 5th Dist. Stark No. 2012 CA 00134, 2013-Ohio-1621, ¶ 29. However, there is no requirement that a trial court separately address each factor enumerated in R.C. 3109.04(F)(1) and absent evidence to the contrary, an appellate court will presume the trial court considered all of the relevant "best interest" factors. *Id.*

{¶ 25} In *In re D.J.R.*, 8th Dist. Cuyahoga No. 96792, 2012-Ohio-698, this court reviewed a decision that granted a father's application to determine custody of his child in a case involving comparable circumstances. In that case, the mother had lodged many allegations that were determined to be unsubstantiated and she had thwarted father's visitation with his child. *Id.* at ¶ 20. Also, the guardian ad litem opined that the mother appeared to be in need of counseling and the child was doing well living with his father, who appeared better able to care for him. *Id.* The decision awarding custody of the child to the father was upheld. *Id.*

{¶ 26} In this case, there was evidence presented that showed mother made continued allegations against father that were found unsubstantiated. Also, there were inconsistencies in her accounts. Mother was reportedly subjecting the child to physical examinations for signs of abuse after every visit with father. Both the GAL and the trial court believed that the parenting procedure of mother and mother's actions were not in the best interest of the child. There was evidence that the child was adjusted to father's home, was not expressing any fear, and was doing well while living with father. The GAL investigated the issues and made a recommendation as to the best interest of the child. The GAL recommended that mother was in need of counseling, and the trial court's order affords mother an opportunity to obtain a gradual increase in visitation. The trial court considered the recommendation in addition to other testimony and evidence that was presented, as well as the arguments of counsel. The trial court stated in its judgment entry that it had considered the various statutory factors.

{¶ 27} Upon our review in this case, we conclude that the trial court did not abuse its discretion in awarding legal custody of the child to father or with regard to limiting mother's visitation. The record contains competent, credible evidence to support the trial court's determination. Although mother has a meaningful and loving relationship with her child, ultimately the paramount consideration in allocating parental rights and responsibilities is the best interest of the child. *See Jillian F. v. Curtis C.*, 5th Dist. Tuscarawas No. 2018 AP 04 0016, 2018-Ohio-5373,

¶ 29. The trial court's decision affords mother the opportunity to gradually achieve an increase in visitation. Mother's third assignment of error is overruled.

{¶ 28} Under her fourth assignment of error, mother claims the trial court abused its discretion when it failed to timely produce the recordings from the first day of trial. Mother also claims the trial court failed to timely rule on pending motions before the court.

{¶ 29} We recognize that Ohio law acknowledges a principle of urgency in resolving child-custody cases. *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 25. Although a juvenile court should resolve legal custody proceedings expeditiously, the court retains control over its own docket and appellant has not shown any prejudice. Mother's fourth assignment of error is overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
RAYMOND C. HEADEN, J., CONCUR