[Cite as *Krzyzak v. Krzyzak*, 2017-Ohio-9276.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| WILLIAM KRZYZAK | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 17 CAF 06 0038 |
| JAMIE KRZYZAK | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 15020322AD

JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    December 22, 2017


APPEARANCES:

For Plaintiff-Appellee

WILLIAM KRZYZAK
PRO SE
809 South Sandusky Street
Tiffin, Ohio  44883

For Defendant-Appellant

JAMIE KRZYZAK
PRO SE
316 Gelder Drive
Delaware, Ohio  43015

*Wise, J.*

**{¶1}** Appellant Jamie Krzyzak appeals from a post-decree decision by the Delaware County Court of Common Pleas, Domestic Relations Division, which re-allocated parental rights in favor of Appellee William Krzyzak, her former husband. The relevant facts leading to this appeal are as follows.

**{¶2}** Appellant Jamie and Appellee William were married in March 2002 in Lancaster, Ohio. Three daughters were born of the marriage: T.K. (born in 2002), K.K. (born in 2004), and C.K. (born in 2009).

**{¶3}** The family thereafter moved to West Virginia and then to Virginia. In early 2014, appellee moved to Tiffin, Ohio (in Seneca County), based on a job transfer. In June 2014, appellant and the three children at issue moved to Delaware County, Ohio.

**{¶4}** The parties' marriage was terminated on December 17, 2014 via a divorce decree in Culpeper County, Virginia, issued after both parties had moved from Virginia and were again residing in Ohio. The Virginia decree incorporated a settlement agreement signed in January 2014, which *inter alia* stated that the parties had agreed to "have joint legal custody of the minor children \*\*\*," under one of four geographical "scenarios." Pursuant to the agreement, in pertinent part, appellant was to be the residential parent for school purposes, and appellee was to have parenting time for the majority of the summer months and three weekends a month during the school year. This was under "Scenario Three," *i.e.*, both parents in Ohio, but in different school districts.

**{¶5}** On February 18, 2015, appellant, with the assistance of counsel, filed a petition in the Court of Common Pleas, Delaware County, Ohio (hereinafter "trial court")

to register the Virginia decree, as well as a motion for reallocation of parental rights, asking to be named the residential parent and legal custodian of the children.

{¶6} On May 15, 2015, appellee, with the assistance of counsel, likewise filed a motion in the trial court for reallocation of parental rights. On or about May 29, 2015, the magistrate appointed Attorney Jodelle Stranges as guardian ad litem ("GAL") for the children.

{¶7} Hearings were conducted for purposes of interim orders on July 31, August 12, August 24, and September 23, 2015.

{¶8} On September 25, 2015, the aforesaid guardian ad litem ("GAL") filed an emergency custody motion, alleging abuse of K.K. by appellant and seeking removal of said child. The emergency motion was granted by the trial court on the same day.

{¶9} On October 5, 2015, appellant filed a motion for the removal of the GAL and recusal of the magistrate, alleging ex-parte communication occurring on the evening immediately prior to the filing of the emergency custody motion. Both motions were subsequently denied.

{¶10} The matter of custody came on for an evidentiary hearing before a domestic relations magistrate commencing on February 22, 2016. Both parties appeared with counsel, along with the guardian ad litem. Additional hearings were conducted thereafter, terminating with an *in camera* interview with the children conducted on March 11, 2016.

{¶11} On August 3, 2016, the magistrate issued a lengthy decision ultimately naming appellee as the legal custodian and residential parent of all three children. The magistrate also issued contempt findings.

{¶12}  On August 11, 2016, appellant, via counsel, filed objections to the decision of the magistrate. Supplemental objections were filed with leave of the trial court on December 30, 2016.

{¶13}  On June 1, 2017, the trial court issued a judgment entry approving and adopting the decision of the magistrate.[1]

{¶14}  Appellant filed a *pro se* notice of appeal on June 16, 2017. She herein raises the following five Assignments of Error:

{¶15}  "I.  THE TRIAL COURT ERRED BY ERRONEOUSLY FINDING THAT A CHANGE OF CIRCUMSTANCES HAS OCCURRED IN THIS MATTER AND THAT A MODIFICATION OF THE PREVIOUS ORDER IS IN THE CHILDREN'S BEST INTEREST.

{¶16}  "II.  THE TRIAL COURT ERRED BY ABUSING ITS DISCRETION AS THE COURT'S RULING WAS NOT CONSISTENT WITH [THE] MANIFEST WEIGHT OF THE EVIDENCE AS GOVERNED BY O.R.C. 3109.04.

{¶17}  "III. THE TRIAL COURT ERRED BY NOT AFFORDING THE DEFENDANT PROCEDURAL DUE PROCESS OF LAW AS IT RELATES TO ALLEGATIONS OF ABUSE MADE OF HER REGARDING HER MINOR CHILD, [K.K.].

{¶18}  "IV.  THE TRIAL COURT ERRED BY CONSIDERING THE RECOMMENDATION OF THE GUARDIAN AD LITEM AS A BASIS FOR ITS DECISION EVEN THOUGH THE GUARDIAN AD LITEM DID NOT SUBMIT A WRITTEN GAL

---

[1]  Appellant has failed to include or attach with her brief a copy of the judgment entry under appeal and/or a copy of the underlying magistrate's decision. *See* Loc.App.R. 9(A). We have nonetheless reviewed these original documents in the record. In addition, appellant has exceeded the page limitation set forth in Loc.App.R. 9(B).

REPORT AS REQUIRED VIA O.R.C. 3109.04(C) AND RULE OF SUPERINTENDENCE 48(F)(2).

{¶19} "V. THE TRIAL COURT ERRED BY ADMITTING PLAINTIFF'S EVIDENCE IN VIOLATION OF RULES OF EVIDENCE 901(A)."

I.

{¶20} In her First Assignment of Error, appellant contends the trial court erred or abused its discretion under the "change in circumstances" statutory requirements in its reallocation of parental rights and responsibilities concerning T.K., K.K., and C.K. We disagree.

{¶21} R.C. 3109.04(E)(1)(a) states in pertinent part as follows: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, *that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree,* and that the modification is necessary to serve the best interest of the child. ***." (Emphasis added).

{¶22} In R.C. 3109.04(E)(1)(a), the General Assembly has created a rebuttable presumption that retaining the residential parent designated by the prior decree is in the child's best interest. *Combes v. Combes*, 5th Dist. Morrow No. 14CA007, 2015-Ohio-584, ¶ 20, citing *Meyer v. Anderson*, 2nd Dist. Miami No. 96CA32, 1997 WL 189383.

{¶23} Furthermore, R.C. 3109.04(E)(2)(c) gives the court authority to terminate certain shared parenting plans upon the request of one or both of the parents or when it determines that shared parenting is no longer in the child or children's best interest.

**{¶24}** Although there is not unanimity among the various appellate districts in Ohio on the issue, this Court has taken the position that a trial court must consider the threshold question of "change of circumstances," as well as "best interest," in deciding a shared parenting termination issue. *See, e.g., Brocklehurst v. Duncan,* 5th Dist. Muskingum No. CT10–0026, 2010–Ohio–5978, ¶ 19; *Oliver v. Arras,* 5th Dist. Tuscarawas No. 2001 AP 11 0105, 2002–Ohio–1590. Furthermore, the General Assembly has set forth a broadened criterion for change in circumstances where the order being considered for full modification is a shared parenting arrangement. "R.C. 3109.04(E)(1)(a) plainly requires a change in circumstances regarding 'the child, the child's residential parent, *or either of the parents subject to a shared parenting decree.*'" *Matter of B.H.H.*, 12th Dist. Clermont No. CA2016-10-069, 2017-Ohio-8359, ¶ 19 (emphasis *sic*). We have also indicated a trial court's determination of parental "ongoing and unresolved issues with communication" may constitute a change of circumstances for termination of a shared parenting order. *Murphy v. Murphy,* 5th Dist. Tuscarawas No. 2014 AP 01 0002, 2014–Ohio–4020, ¶ 22.

**{¶25}** One obvious change factor in the case *sub judice* was that both parents had moved back to Ohio from Virginia. In *Stein v. Anderson,* 5th Dist. Tuscarawas No. 2009 AP 08 0042, 2010–Ohio–18, this Court clearly stated as follows regarding parental changes of residence: "[W]hether intrastate or out-of-state, we think the preferred general rule is that a relocation, by itself, is not sufficient to be considered a change of circumstances, but it is a factor in such a determination." *Id.* at ¶ 13, citing *Green v. Green*, 11th Dist. Lake No. 96–L–145, 1998 WL 258434. In this instance, the dual return from Virginia and the present geographic gap within Ohio (Tiffin versus Delaware) were accompanied by several other factors, all set forth in the magistrate's decision, approved

by the trial court. One of these was the parties' continued "antagonistic relationship" and "battle of wills," accompanied by an ongoing civil action regarding marital property division in the Virginia divorce. *See Murphy*, *supra*. Furthermore, there was an emergency custody order transferring custody of K.K. to appellee on September 25, 2015, tied into "allegations of negative physical interaction" between K.K. and appellant. The magistrate also concluded that C.K. had been struggling academically and that T.K. had "acted out in a campaign to cause strife in [appellee's] home." *See* Magistrate's Decision at 48-49.

**{¶26}** Upon review, we find the termination of the parties' "joint legal custody" (which we find equates to shared parenting in Ohio), and the reallocation of parental rights and responsibilities in favor of appellee in this matter was not unreasonable, arbitrary, or unconscionable in regard to the "change in circumstances" requirements of R.C. 3109.04(E)(1)(a).

**{¶27}** Appellant's First Assignment of Error is overruled.

II.

**{¶28}** In her Second Assignment of Error, appellant contends the trial court's reallocation of parental rights and responsibilities in favor of appellee, particularly as to the statutory "best interest" requirements, was against the manifest weight of the evidence. We disagree.

**{¶29}** On appeal, our standard of review in assessing the disposition of child custody matters is that of abuse of discretion. *Miller v. Miller* (1988), 37 Ohio St.3d 71, 73–74. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

Furthermore, because custody issues are some of the most difficult and agonizing decisions a trial judge must make, he or she must have wide latitude in considering all the evidence. *Girdlestone v. Girdlestone*, 5th Dist. Stark No. 2016 CA 00019, 2016–Ohio–8073, ¶ 12, citing *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159. Similarly, when making its determinations in custody or visitation cases, the trial court, as the trier of fact, must be given wide latitude to consider all issues. *Heckel v. Heckel*, 12th Dist. Butler No. CA99–12–214, 2000 WL 1279171.

**{¶30}** Furthermore, as an appellate court reviewing evidence in custody matters, we do not function as fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *See Dinger v. Dinger,* 5th Dist. Stark No. 2001CA00039, 2001–Ohio–1386. Ultimately, parental rights and responsibilities are to be allocated based upon the paramount consideration of the best interest of the child. *Trent v. Trent*, 12th Dist. Preble No. CA 98–09–014, 1999 WL 298073.

**{¶31}** R.C. 3109.04(F)(1) states as follows:

In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:

(a) The wishes of the child's parents regarding the child's care;

(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to

the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

(d) The child's adjustment to the child's home, school, and community;

(e) The mental and physical health of all persons involved in the situation;

(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually

oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

**{¶32}** Furthermore, R.C. 3109.04(F)(2) provides guidance for consideration of factors for determining whether shared parenting is in the best interest of the children in question.

**{¶33}** We note that there is no requirement that a trial court separately address each best interest factor enumerated in R.C. 3109.04. *See In re Henthorn,* Belmont App. No. 00–BA–37, 2001–Ohio–3459. Absent evidence to the contrary, an appellate court will presume the trial court considered all of the relevant factors listed in R.C. 3109.04(F)(1). *Id.,* citing *Evans v. Evans* (1995), 106 Ohio App.3d 673, 677, 666 N.E.2d 1176.

**{¶34}** Before turning to the merits of the present appeal, it is incumbent that we set forth the status of the record before us. This Court is cognizant of the fact that appellant, as well as appellee, are herein proceeding *pro se*; however, "[w]hile insuring that *pro se* appellants *** are afforded the same protections and rights prescribed in the appellate rules, we likewise hold them to the obligations contained therein." *Reed v. Reed,* 5th Dist. Stark No. 2007CA00321, 2008-Ohio-4349, ¶ 17, citing *State v. Wayt,* 5th Dist. Tuscarawas No. 90AP070045, 1991 W L 43005.

**{¶35}** In one of the interim orders in the trial court file before us, the court recited that the evidentiary hearings as to custody commenced before the magistrate on February 22, 2016 "and continued on multiple dates" until March 11, 2016. However, the only transcripts in the present appellate record are from February 22, 2016 and February 23, 2016, along with one of the recusal hearings conducted on October 7, 2015. Neither of the February transcripts includes a table of contents, so it is not clear therefrom how many additional witnesses testified through the rest of the custody trial, but we are quite confident the entirety of the trial is not before us in written form, and we find no indication of attempted alternatives to a transcript under App.R. 9(C) or 9(D). The record also lacks a transcript, sealed or otherwise, of the *in camera* interviews of T.K., K.K., and C.K.[2]

**{¶36}** Appellant, via her trial counsel, requested on December 28, 2016 that the "remaining transcript" be accepted by the trial court in audio form for purposes of appellant's objections to the magistrate decision. The trial court thereafter permitted

---

[2]  This Court has consistently interpreted the pertinent sections R.C. 3109.04(B) such that *in camera* interviews are to remain confidential. *See, e.g., Wallace v. Wallace,* 5th Dist. Stark No. 2014CA00182, 2015–Ohio–1617, f.n.1. Generally, *in camera* interviews of minor children, if transcribed for appeal, are provided to this Court under trial court seal.

same. However, it is clear from the Staff Notes to App.R. 9 that while a trial court may choose to record the proceedings through the use of an audio-recording device, "[r]egardless of the method of recording the proceedings, a transcript is required for the record on appeal * * *. For parties who cannot afford to have a transcript prepared, existing case law authorizes the use of a statement of proceedings under App.R. 9(C)." *See In re Adoption of Z.A.*, 5th Dist. Licking No. 16-CA-05, 2016-Ohio-3159, ¶ 15, quoting 2011 Staff Note to App.R. 9.

**{¶37}** It is well-settled that when portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume regularity in the trial court proceedings. *In re Craig*, 5th Dist. Tuscarawas No. 2008 AP 05 0030, 2008-Ohio-4251, ¶ 9, citing *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. However, in the interest of justice, we would at least note that appellant, in her brief, places much emphasis on R.C. 3019.04(F)(1)(c), *supra*, the factor for consideration of "[t]he child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest." In the partial transcript provided, we observe that appellant, via her trial counsel, called appellee as the first witness, followed by appellee's mother, appellee's sister, appellee's father, and C.K.'s godfather, followed by appellant herself. We observe the magistrate granted wide latitude to counsel to delve into issues that in some cases predated the births of the three children. But as appellee properly summarizes in his response, the magistrate and trial court were in the best position to consider the credibility and demeanor of appellee's family members who are involved in the children's lives. In that vein, the magistrate concluded, among many other things: "All three children have spent significant time in their father's home

and the town of Tiffin, Ohio throughout their lives and with the consent of both parents." Decision at 61. *See* R.C. 3019.04(F)(1)(d). Furthermore, the trial court, in adopting the magistrate's decision, accepted *inter alia* that the joint custody arrangement, particularly the three-weekend-per-month parenting time arrangement, had become a transportation logistics issue and was seriously impacting the children's extra-circular opportunities. *See* R.C. 3019.04(F)(1)(a). The court also established that the magistrate had conducted *in camera* interviews with all three children on two occasions: July 31, 2015 and March 11, 2016. *See* R.C. 3019.04(F)(1)(b).

**{¶38}** It is axiomatic that in proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important. *See Thompson v. Thompson* (1987), 31 Ohio App.3d 254, 258, 511 N.E.2d 412, citing *Trickey v. Trickey* (1952), 158 Ohio St. 9, 13, 106 N.E.2d 772. While in this instance the GAL's recommendation was actually to grant custody of T.K (the oldest) to appellant and grant custody of K.K. and C.K. to appellee, under the circumstances of our present limited review, we presume regularity and find the trial court duly considered the statutory "best interest" factors, and we conclude its decision to terminate the "joint legal custody" arrangement set forth under the registered Virginia decree, while also keeping the three sisters together, did not constitute an abuse of discretion.

**{¶39}** Appellant's Second Assignment of Error is therefore overruled.

III.

**{¶40}** In her Third Assignment of Error, appellant contends the trial court failed to afford her procedural due process of law as to the allegations of abuse regarding the middle child, K.K.

**{¶41}** As noted previously, on September 25, 2015, the GAL filed a motion for emergency custody concerning K.K. The court arranged for a full hearing on October 7, 2015. The parties, their counsel, and the guardian ad litem appeared for the hearing and made oral arguments, although this Court has been provided with the portion of the transcript going to appellant's request to remove the GAL only. According to appellee, appellant called several witnesses, including the child's volleyball coach, one of her teachers, the school guidance counselor, and appellant's fiancé. On October 22, 2015, the magistrate issued her decision on the emergency order and denied appellant's motion to remove the GAL. Appellant filed objections to this decision on December 2, 2015, but she therein focused on the GAL recusal issue, not that she was not given a full hearing.

**{¶42}** Generally, a temporary order allocating custody between parents is not a final judgment, but rather is an interlocutory order. *In re J.L.R.*, 4th Dist. Washington No. 08CA17, 2009-Ohio-5812, ¶ 29. A trial court's final order "supercedes [*sic*] the temporary orders and corrects any error." *Id.*, citing *Smith v. Quigg,* 5th Dist. Fairfield No. 2005–CA–01, 2006–Ohio–1494, ¶ 36. In the case *sub judice*, we find the emergency order granting appellee custody of K.K., issued during the pendency of the opposing custody motions of appellant and appellee, ultimately merged with the final judgment of the trial court granting appellee residential and custodial parent status of all three children. Therefore, based on our previous conclusions herein, we find the present assigned error is moot. *See* App.R. 12(A)(1)(c). *See Font v. Morris*, 3rd Dist. Mercer No. 10-03-21, 2004-Ohio-2354, ¶ 29.

**{¶43}** Appellant's Third Assignment of Error is found to be moot.

IV.

**{¶44}** In her Fourth Assignment of Error, appellant contends the trial court erred in considering the recommendation of the GAL as a basis for its decision, even though she had not submitted a written report. We disagree.

**{¶45}** Sup.R. 48(F) states that "[a] guardian ad litem shall prepare a written final report, including recommendations to the court, within the times set forth in this division." However, we have recognized that Sup.R. 48 is a general guideline that does not have the force of statutory law, and therefore an appellant does not have any substantive right to enforce it. *Rice v. Rice,* 5th Dist. Delaware No. 10 CAF 11 0091, 2011–Ohio–3099, ¶ 40, citing *In re E.W.,* 4th Dist. Washington Nos. 10CA18, 10CA19, 10CA20, 2011–Ohio– 2123, ¶ 15.

**{¶46}** In addition, R.C. 3109.04(C) states as follows in pertinent part: "Prior to trial, the court may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent and may order the parents and their minor children to submit to medical, psychological, and psychiatric examinations. The report of the investigation and examinations shall be made available to either parent or the parent's counsel of record not less than five days before trial, upon written request. The report shall be signed by the investigator, and the investigator shall be subject to cross-examination by either parent concerning the contents of the report. *** ."

**{¶47}** We note at least one Ohio appellate court has concluded that nothing in R.C. 3109.04(C) specifically relates to the appointment or duties of a guardian ad litem. *See In Matter of Reid*, 3rd Dist. Paulding No. 11-98-3, 1998 WL 409115. We have voiced

a similar concern. *See O'Brien v. O'Brien*, 5th Dist. Stark No. 2006 CA 00058, 2006-Ohio-6729, ¶¶ 18-19. *But see Dehoff v. Dehoff*, 5th Dist. Stark No. CA-7323, 1988 WL 38552. In any case, issues under R.C. 3109.04(C) are generally subject to the waiver doctrine. *See Wilburn v. Wilburn*, 169 Ohio App.3d 415, 2006-Ohio-5820 (9th Dist.), ¶ 32.

**{¶48}** The record indicates the parties agreed that the GAL, Attorney Stranges, would not be required to file a written report until the conclusion of the trial. *See* Magistrate's Order of Extension of Time, February 10, 2016, at 1. The trial court, in subsequently ruling on appellant's objections to the magistrate's decision, stated in pertinent part: "Of note is that no party raised any objection nor filed any motion for contempt regarding the Guardian ad Litem's failure to provide a written report by February 26, 2016." Judgment Entry, June 1, 2016, at 10.

**{¶49}** Upon review, we find no error in the trial court's utilization of waiver in regard to appellant's challenge to the lack of a written GAL report.

**{¶50}** Appellant's Fourth Assignment of Error is overruled.

V.

**{¶51}** In her Fifth Assignment of Error, appellant contends the trial court erred in permitting evidence in violation of Evid.R. 901(A), which states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."

**{¶52}** Our review of the record indicates that appellant did not specifically raise this issue in her objections and supplemental objections to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv) provides that except for cases of plain error, " * * * a party shall not

assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." *See, e.g., Stamatakis v. Robinson,* 5th Dist. Stark No. 96CA303, 1997 WL 115878.

**{¶53}** Furthermore, based on the incomplete record concerns as we discussed in regard to appellant's Second Assignment of Error, we find we must apply the presumption of regularity to appellant's present claim. *Knapp*, *supra*.

**{¶54}** Appellant's Fifth Assignment of Error is therefore overruled.

**{¶55}** For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Juvenile Division, Delaware County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 1130